# Fitzsimmons, Appellant, *v.* Lindsay.

*Equity—Specific performance—Arbitration—Revocation—Demurrer.*

On a bill in equity against an administrator to enforce the sale of shares of stock which decedent had agreed should be sold to his fellow shareholders at his death at a value to be ascertained by arbitrators, it is improper to dismiss the bill on demurrer on the ground that the arbitration had been revoked by the administrator, such revocation not having been shown in the bill.

*Corporations—Stock—Agreement to sell shares to fellow shareholders—Public policy—Restraint on alienation.*

An agreement among all the stockholders of a private trading corporation that in the event of the death of any one or more of the parties, the remaining stockholders shall have the option to purchase and acquire the stock of the deceased party at its book value, is not illegal, against public policy, or an improper restraint upon alienation.

*Equity—Specific performance—Agreement to sell stock—Orphan's court.*

The orphans' court has exclusive jurisdiction to enforce specifically an agreement by a decedent that his fellow shareholders in a corporation shall have the option to purchase his shares upon his death.

Submitted Nov. 7, 1902.   Appeal, No. 187, Oct. T., 1902, by plaintiffs, from decree of C. P. No. 2, Allegheny Co., July T., 1901, No. 766, dismissing bill in equity in case of J. O. Fitzsimmons et al. v. David G. Lindsay et al.   Before MITCHELL, DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ.   Affirmed.

Bill in equity for specific performance.

RODGERS, J., filed the following opinion:

This is a bill filed by J. O. Fitzsimmons, Thomas McMurray, A. J. Bihler and George W. Diehl against David G. Lindsay, administrator of the estate of John S. Lindsay, deceased, and A. W. Lorentz, guardian of Mary A. Lindsay, a minor child and sole heir at law of said decedent. Thomas McMurray et al., executors and trustees under the will of James C. Lindsay, deceased, and James C. Lindsay Hardware Company, a corporation, are only nominal parties.

It appears that the James C. Lindsay Hardware Company has a capital stock of $150,000, and that on April 13, 1895, James C. Lindsay, John S. Lindsay, J. O. Fitzsimmons, Thomas McMurray, A. J. Bihler and George W. Diehl were the owners of all its stock, and on that date these stockholders entered into an agreement for the evident purpose of continuing the concern as a close corporation, and provided therein that in the event of the death of any one or more of the parties the remaining stockholders should have the option to purchase and acquire the stock of the deceased party at its book value. This book value, it was further provided, should be ascertained by mutual agreement, but in case no agreement could be arrived at then each of the parties should have the right to appoint an arbitrator, who, with power to select an umpire, should fix a price for the stock, and the surviving parties should then have a right to take or refuse the stock at the price so determined.

John S. Lindsay was the owner of 225 shares of the stock and died on November 23, 1900, and David G. Lindsay was appointed administrator of his estate and A. W. Lorentz was appointed guardian of the estate of his minor daughter, Mary A. Lindsay. The plaintiffs thereupon notified the administrator and guardian of their desire to purchase the stock, but were unable to secure an agreement as to price, whereupon the plaintiffs made demand upon the administrator and guardian for the appointment of arbitrators to fix a price on the stock. This the administrator and guardian refused to do, and the plaintiffs now seek to compel the administrator and guardian to select an arbitrator and go into an arbitration. To this bill David G. Lindsay, the administrator, files a demurrer.

We are constrained to sustain the demurrer on the ground that the agreement to submit to arbitration is revocable, and

it appears in the bill that the administrator has revoked it.*    As was said by Mr. Justice CLARK in the case of Commercial Union Assurance Company v. Hocking, 115 Pa. 407, " But it is equally true, that where the agreement in question does not provide for submitting matters in dispute to any particular person or tribunal named, but to one or more, persons to be mutually chosen by the parties, it is revocable by either party ; and such a provision is not adequate to oust the jurisdiction of the courts having cognizance of the subject-matter of the dispute."

Demurrer is sustained.

*Error assigned* was decree dismissing bill.

*John D. Brown,* for appellants.—An agreement substantially the same as the present was sustained in New England Trust Co. v. Abbott, 162 Mass. 148 (38 N. E. Repr. 432).

The plaintiffs seek to enforce their option or right to acquire title to the shares of stock held by John S. Lindsay at the time of his death.    If the agreement be valid, the title to the said stock is in dispute, and under these conditions, it is clear that equity has jurisdiction : Willard's Appeal, 65 Pa. 265 ; Odd Fellows' Savings Bank's Appeal, 123 Pa. 356; Tyson's Estate, 191 Pa. 218.

As to the legality of the contract and the right of plaintiffs to ask specific performance thereof, it seems to us there can be no doubt.    The case of New England Trust Co. v. Abbott, 162 Mass. 148 (38 N. E. Repr. 432), is directly in point.

*Thomas C. Lazear, Charles P. Orr* and *Jesse T. Lazear,* for appellee.—To entitle a party to a decree for a specific performance, the contract must be mutual ; both parties must have a right to compel specific performance.    Bodine v. Glading, 21 Pa. 50 ; Ballou v. March, 133 Pa. 64.

Courts of equity will not enforce agreements to submit controversies to arbitration, or to refer unsettled questions of price and values to arbitrators, especially if the agreement is executory.    Federal Oil Co. v. Western Oil Co., 112 Fed. Repr. 373.

---

* The bill does not show an express revocation but the court regarded the executors' refusal to act as equivalent.    The Supreme Court, as appears from the opinion, took a different view.—Reporter.

An agreement among stockholders not to sell or transfer their stock without the unanimous consent of all parties signing the agreement, is a restraint on alienation, and void as against public policy: 1 Weimer's Pennsylvania Corporation Law, 237 ; Fisher v. Bush, 35 Hun (N. Y.), 641.

We submit that the orphans' court has exclusive jurisdiction of the matters complained of in this case : Hammett's Appeal, 83 Pa. 392 ; Phillips v. Allegheny Valley R. R. Co., 107 Pa. 465 ; Miskimins's App., 114 Pa. 530 ; Strouse v. Lawrence, Administratrix, 160 Pa. 421 ; Lafferty v. Corcoran, 180 Pa. 309 ; Weimer v. Karch, 153 Pa. 385 ; Odd Fellows' Savings Bank's App., 123 Pa. 356.

OPINION BY MR. JUSTICE MITCHELL, January 5, 1903 :

The decree cannot be sustained on the ground upon which it was put by the court below. If the administrator has revoked the submission by the decedent in his agreement that fact should be averred by answer. It does not appear on the face of the bill and therefore cannot be set up by demurrer. And even if the administrator has revoked the submission it does not follow that the court under the prayer for general relief may not go on to ascertain " the fair price or book value of the shares," so as to give effect to the option provided for in the agreement.

What the bill avers is that the administrator refuses to execute the agreement because he does not consider it legally binding. His objections are not tenable on demurrer. There is nothing illegal in the agreement on its face as set out in the bill. Each subscribing stockholder acquired a preferred right by way of option, to purchase the shares of the others if they died or withdrew from the business first. This was a mutual and sufficient consideration to make a binding contract. Whether equity will enforce it specifically will depend on the circumstances as they may be developed by the evidence. But the demurrer shows nothing in the bill inconsistent with the enforcement of the agreement upon the principles of Goodwin Gas Stove & Meter Co.'s Appeal, 117 Pa. 514, and Northern Central Ry. Co. v. Walworth, 193 Pa. 207.

Nor is the objection that the agreement is in restraint of alienation sufficient. Such agreements are quite common

among partners as to their shares in the firm assets and are enforced by courts without hesitation. No reason of overruling public policy is apparent why they should not also be sustained in relation to shares of stock in what is really only a private trading corporation.

But the objection to the jurisdiction of the court is well taken. The shares were the property of the decedent and on his death passed as part of his estate to the administrator who must account for them to the orphans' court. Even conceding his right to revoke the submission which the agreement of his decedent provided for, his action in doing so must be justified before that court, and on the other hand the question of the complainant's equity to have specific performance of his agreement must go to the same tribunal. The dismissal of the bill was therefore proper on the ground of the want of jurisdiction in the common pleas.

Decree affirmed.