# March, Appellant, *v.* Fairmount Creamery Association.

*Corporations—Forfeiture of stock—Legislative authority—By-laws.*

When a money corporation makes and attempts to enforce a by-law which involves a forfeiture of vested property rights, it must show express legislative authority, or a power lawfully conferred by its charter to declare such a forfeiture.

A corporation owning and operating a creamery cannot enforce a by-law providing for the forfeiture of the stock of a stockholder if he does not furnish milk to the company's creamery, against a stockholder who owned stock before the by-law was passed, and who never consented to its passage.

Argued Nov. 19, 1906. Appeal, No. 223, Oct. T., 1906, by plaintiff, from order of C. P. Chester Co., Aug. T., 1905, No. 46, refusing to take off nonsuit in case of J. Frank March v. Fairmount Creamery Association. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Reversed.

Assumpsit to recover dividends on stock. Before HEMPHILL, P. J.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was refusal to take off nonsuit.

*J. Frank E. Hause,* for appellant.—When the appellant became a member of the corporation, he was eligible to membership, paid for his stock, received a certificate and furnished milk, in accordance with the by-laws.

He thus became vested with an interest in the corporate property, and this interest could not be divested by any act of the corporation: Sweeney v. Beneficial Society, 14 W. N. C. 466.

The right to alter the by-laws of a corporation is conceded, so long as such alteration does not result in depriving a stockholder of his vested rights: Marshall v. Pilots' Assn., 18 Pa. Superior Ct. 644.

*G. G. Cornwell,* of *Cornwell & Cornwell,* for appellant.—The by-laws of a corporation are read into and become a part of its charter, and constitute the contract of the members with the corporation and with each other: Millward-Cliff Cracker Co.'s Est., 161 Pa. 157; Wayne Title & Trust Co. v. Ry. Co., 191 Pa. 90; Worthington v. Ry. Co., 195 Pa. 211; Marshall v. Pilots' Assn., 206 Pa. 182.

The principle involved in this case has been decided by this court in Rush Center Creamery Co. v. Hillis, 3 Pa. Superior Ct. 527.

OPINION BY PORTER, J., February 25, 1907:

The plaintiff had become a stockholder in the defendant corporation in 1887 and, if the evidence produced at the trial was true, had owned the twenty shares of stock, upon which he seeks in this action to recover the dividends, from the year 1892 down to the time the action was tried in the court below. The dividends upon the stock of this corporation are, by section 13 of the by-laws, designated as interest and it is provided that they shall be accounted for as a part of the current expenses, but it is manifest that the amount so paid to stockholders is a dividend on their stock, and that the corporation would not be bound to pay it if it had not earned it. That question does not arise in this case, however, for it appeared that the dividends had been earned and had been paid to all persons whom the corporation recognized as stockholders. Section 13 of the by-laws is, so far as this case is concerned, a

limitation of the amount of the dividend which shall be paid upon stock in each year. There is no question as to the validity of the issue of the stock, by the corporation, which this plaintiff holds. He had paid full value for the stock, and the corporation paid to him the dividends thereon from the year 1892 to October 20, 1903. The corporation refused to pay to the plaintiff the dividends accruing upon his stock subsequently to the date last mentioned, for the alleged reason that the plaintiff, being a stockholder and owning cows which produced milk, " discontinued to furnish milk to defendant's creamery ; . . . . failed to comply with the requirements of the by-laws by disposing of it in other ways without giving any reason therefor ; and thus forfeited his stock to said association." The supposed authority of the corporation to forfeit the stock of the plaintiff upon the grounds stated is found in the by-laws of the corporation : " Section 9. All persons owning stock in said association, producing milk and failing to comply with the requirements of the by-laws by disposing of it in other ways, shall forfeit their stock to the association, unless a reason which shall be satisfactory to the board of managers be given." The learned judge of the court below was of opinion that this by-law was valid, and sustained the motion for a compulsory nonsuit, which he subsequently refused to take off. The validity of the by-law is the only question presented for consideration.

The defendant association was a moneyed corporation ; it had a capital stock, the shares in which had a fixed par value, it owned property, it paid dividends upon its stock, and the evidence in the case indicates that the stock sold above par. The plaintiff had owned twenty shares of this stock, for which he had paid value, at least as early as 1892, when there was no such by-law as that now in question in existence. The corporation, on May 11, 1896, four years after the plaintiff had acquired his stock, adopted the by-law above quoted. Had it the power to do so ?

The question of the effect of this by-law upon the rights of one who, with notice of its existence subsequently purchased stock from the corporation, does not arise in this case. This plaintiff had at the time of the adoption of this by-law a vested right of property in his stock, and that was the right with which this corporation dealt when it adopted this by-law and

when, seven years later, it attempted to forfeit the plaintiff's stock, because he had sold the milk of his dairy to another purchaser. When a corporation of the character of that with which we are now dealing, makes and attempts to enforce a by-law which involves a forfeiture of vested property rights, it must show express legislative authority or a power lawfully conferred by its charter to declare such a forfeiture: Phillips v. Allen, 41 Pa. 481; Evans v. Philadelphia Club, 50 Pa. 107; Germantown Passenger Railway Company v. Fitler, 60 Pa. 124; Becker v. Beneficial Society, 144 Pa. 232; Marshall v. Pilots' Association, 206 Pa. 182; Riddell v. Harmony Fire Insurance Company, 8 Philadelphia, 310. The assent of a stockholder whose rights had vested prior to the adoption of the by-law will not be presumed: Great Falls Mut. Fire Insurance Company v. Harvey, 45 New Hampshire, 292. The authorities above cited are not in conflict with Commonwealth v. Pike Beneficial Society, 8 W. & S. 247; Society, etc. v. Commonwealth, 52 Pa. 125, and Commonwealth v. Union League, 135 Pa. 301, for none of the corporations involved were of the same character with this defendant, and in the charter of each of them there was an express and lawful grant of authority to expel members. There was no evidence of a solemn agreement entered into by all the stockholders that they would hold their stock subject to the provisions of this by-law, and the decision in Fitzsimmons v. Lindsay, 205 Pa. 79, has no application. The defendant corporation has not been shown to have authority, conferred by statute or its charter, to disfranchise one of its members and strike down his vested right of property in the stock of the corporation. This by-law was invalid, as against those who owned stock prior to its adoption and did not assent thereto.

The judgment is reversed and a venire facias de novo awarded.