## Perri *v.* Chiavaroli, Appellant.

Argued April 17, 1952. Before DREW, C. J., STEARNE, JONES, BELL, CHIDSEY and MUSMANNO, JJ.

496

*John M. Smith, Jr.*, with him *Daniel W. Kearney*, for appellants.

*Russell S. Machmer*, with him *Joseph Marvaso*, for appellees.

OPINION BY MR. JUSTICE JONES, May 26, 1952:

In 1945 Luigi Perri was, and for some years had been, the owner of a restaurant business in Shamokin, Pa., which he operated under the name of Shamokin Cafe. In connection with the business, he was the registered licensee of a liquor license from the Pennsylvania Liquor Control Board. On April 22, 1945, Perri and one Zopito Chiavaroli entered into a written agreement looking to the association of the two parties as partners in the conduct of the Shamokin Cafe "subject however to the consent of The Pennsylvania Liquor Control Board to transfer of the existing Restaurant Liquor License to the joint names of the parties . . . ." The agreement provided that Chiavaroli should pay Perri for a one-half interest in the business the sum of $500 which was to be deposited with a bank in escrow "pending application to the Pennsylvania Liquor Control Board for its approval to trans-

fer of the license to the joint names of the parties . . . ."
The agreement further provided that if the applica-
tion for transfer of the liquor license to the joint names
of the parties was granted by the Pennsylvania Liquor
Control Board, the bank should pay to Perri the $500
held in escrow, but if the application for transfer was
disapproved, the bank should return the $500 to
Chiavaroli and the "agreement [was to] become null
and void." The agreement also provided that if either
party should die during the continuance of the part-
nership, the surviving partner should have the right to
purchase the deceased partner's entire interest in the
business for the sum of $500.

Luigi Perri died testate on April 26, 1945, just four
days after the agreement with Chiavaroli was signed.
He left to survive him a wife, a son and three daughters
all of whom were residents of Amanteo, Italy. Perri
named Zopito Chiavaroli executor of his will. He there-
in devised and bequeathed one-third of his estate to
his wife, one-third to his son and one-third to his three
daughters in equal shares. Chiavaroli offered the will
for probate on April 27, 1945, the day following Perri's
death, and letters testamentary were granted to him
by the Register of Wills of Northumberland County
on the same day.

At the time of Perri's death, no application to the
Pennsylvania Liquor Control Board for a transfer of
the liquor license from Perri to Perri and Chiavaroli,
as contemplated by the written agreement, had been
made. Nor had Chiavaroli deposited in escrow the $500
called for by the agreement for his purchase of a half
interest in the business. However, on April 28, 1945,
the day after Chiavaroli qualified as executor of Luigi
Perri's estate, he did pay to the estate by certified
check the sum of $500 as payment of the amount re-
quired under the agreement for the purchase by a sur-

viving partner of a deceased partner's interest in the restaurant business.

On April 30, 1945, Chiavaroli, as executor of Perri's estate, applied to the Pennsylvania Liquor Control Board for a transfer of the liquor license standing in the name of Luigi Perri to the estate of Luigi Perri, Zopito Chiavaroli, executor. The application was forthwith granted and a transfer of the license was accordingly made from Luigi Perri to the estate of Luigi Perri, Zopito Chiavaroli, executor. On the same day (April 30, 1945), Chiavaroli applied for a transfer of the liquor license from himself as executor of the estate of Luigi Perri to himself as an individual. That application was likewise granted and the license was thereupon transferred to Zopito Chiavaroli individually. Thenceforth, Chiavaroli operated the restaurant business as his own. He filed his first and final account as executor of the estate of Luigi Perri in the Orphans' Court of Northumberland County on October 31st; the account was thereafter confirmed absolutely; and Chiavaroli was discharged as such executor on December 31, 1945.

On February 1, 1947, Zopito Chiavaroli caused the name of his son, Conn A. Chiavaroli, to be added to his own as the licensee of the liquor license in connection with the operation of the Shamokin Cafe. On August 7, 1947, the wife and children of Luigi Perri filed their bill in equity in this case against Zopito Chiavaroli and Conn A. Chiavaroli, and thereafter an amended bill, praying that the agreement between Luigi Perri and Zopito Chiavaroli of April 22, 1945, be set aside; that all agreements between Zopito Chiavaroli and Conn A. Chiavaroli with respect to the business of the Shamokin Cafe be set aside and declared null and void; that the defendants, Zopito Chiavaroli and Conn A. Chiavaroli, be ordered to account for any and all gains and profits or increment

of property of the restaurant business which they hold; and that such property be adjudged to be the true and lawful property of Luigi Perri, deceased, or the plaintiffs. The defendants answered denying the averments of the amended complaint and praying that the bill be dismissed.

After a hearing, the chancellor filed an adjudication including findings of fact and conclusions of law and entered a decree nisi directing the defendant, Zopito Chiavaroli, to pay the attorney-in-fact for the plaintiffs the sum of $500 and dismissing the plaintiffs' bill at Zopito Chiavaroli's costs. The court en banc, however, sustained exceptions of the plaintiffs to the adjudication and decree nisi and entered a final decree awarding the plaintiffs in full the relief prayed for in their amended bill. It is from that decree that the defendants brought this appeal.

It is indeed regrettable that, after almost five years of litigation, this matter must be remanded for the institution of appropriate proceedings in the court having jurisdiction of the estate, of which Luigi Perri died seized and possessed, as well as jurisdiction of the decedent's personal representative into whose hands, as Perri's fiduciary, the property and its increments, here involved came. The Orphans' Court has jurisdiction of property whereof a decedent has possession, either actual or presumptive, at the time of his death or which comes into the hands of his personal representative as a part of his estate: *Keyser's Estate*, 329 Pa. 514, 518, 198 A. 125; *Cutler's Estate*, 225 Pa. 167, 170, 73 A. 1111; cf. also *McGovern's Estate*, 322 Pa. 379, 381-382, 186 A. 89. No substantial dispute exists with respect to the decedent's ownership of the property here in controversy.

It is too plain for argument that Luigi Perri died seized of his restaurant business and was, as well, the holder of the liquor license standing in his name. As

already stated, the so-called partnership agreement expressly provided that, if the contemplated application to the Pennsylvania Liquor Control Board for a transfer of the license from Luigi Perri to the joint names of Luigi Perri and Zopito Chiavaroli was not granted, the escrow agent was to return the $500 deposit to Chiavaroli and the "agreement [was to] become null and void." Unimpeachable findings of the court below show that Chiavaroli never deposited in escrow "the sum of $500 required to be paid by him to purchase a one-half interest in the restaurant business under the provisions of the said partnership agreement"; that "No application to transfer the restaurant liquor license . . . from the name of Luigi Perri to the joint names of Luigi Perri and Zopito Chiavaroli was ever filed with the Pennsylvania Liquor Control Board"; and that "No transfer was ever made by the Pennsylvania Liquor Control Board of the liquor license from Luigi Perri to the joint names of Luigi Perri and Zopito Chiavaroli."

Not only do the established and indisputable facts of the case impel the conclusion that Luigi Perri had not parted with his restaurant business nor the liquor license at the time of his death, but they equally determine that Zopito Chiavaroli's possession of Perri's business and license was in pursuance of his fiduciary relation and not because of any contractual right thereto existing in Zopito Chiavaroli individually. Whatever rights the latter had under the unperformed partnership agreement were inchoate at the time of Perri's death and constituted matter for an Orphans' Court to ponder. The Orphans' Court has exclusive jurisdiction to perform specifically a contract of a decedent (*Fitzsimmons v. Lindsay*, 205 Pa. 79, 83, 54 A. 488) which that court will enforce even where the decedent's contractee subsequently becomes his executor: *Rosenthal's Estate*, 335 Pa. 49, 50, 6 A. 2d 585. In so indi-

cating, we do not mean to imply that Chiavaroli's rights under the partnership contract, whatever they may have been, continue to endure. We now decide nothing more than that the Orphans' Court of Northumberland County has exclusive original jurisdiction of the subject-matter of this litigation. See Orphans' Court Act of 1917, Sec. 9 (1), 20 PS §2252.

It may be that the plaintiffs resorted to equity in the mistaken belief that the jurisdiction of the Orphans' Court had come to an end with the discharge of Zopito Chiavaroli as executor of the estate of Luigi Perri. Such, however, is not the case. An administration appropriate for the purpose of collecting, accounting for and distributing the estate of the decedent can still be raised up. See Fiduciaries Act of 1949, Sec. 309, 20 PS §320.309.

Decree reversed and bill dismissed at the appellants' costs without prejudice to the right of the plaintiffs to proceed in the proper court.