## Stineman v. Stineman

*Englehart, Larimer & Englehart* and *Shettig, Swope & Shettig,* for plaintiffs.

*John M. Bennett, Harry Doerr* and *Myers & McDonald,* for defendants.

PER CURIAM, July 26, 1955.—On September 30, 1949, the First National Bank of Ebensburg, petitioner, was appointed trustee in partition of the personal property owned by plaintiffs and defendants, heirs of Jacob C. Stineman, deceased, as tenants in common. The complaint in partition also asked for a partition of the real estate devised by the testator including coal and fireclay.

Preliminary objections were sustained by the court below as to the real estate which contained coal and fireclay and the bill as to these mineral holdings was dismissed on the ground that a trust had been created by the will with respect to mineral lands and that an absolute gift to the children of the testator had been later cut down by subsequent language in the will. This action of the lower court was reversed in Stineman v. Stineman, 382 Pa. 153, wherein the court below was directed to reinstate plaintiffs' bill of complaint as to land underlaid with coal and fireclay and grant such further relief as may be found to be appropriate in accordance with the opinion of the Supreme Court.

The appointment of petitioner as trustee in partition of the personal property was confirmed by this court by decree dated June 7, 1952, and again by decree dated June 24, 1954, and no appeal was taken from either decree in respect to the validity of such appointment.

The present petition of the First National Bank of Ebensburg, as trustee in partition of the personal property suggests that certain lessees of the coal made payments to the Prothonotary of Cambria County and to Nettie Stineman Slick, one of the defendants, as administratrix d. b. n. c. t. a. of the estate of Jacob C. Stineman, deceased, that the administratrix received certain payments by reason of the sale of timber on the land which is a part of this litigation and that certain other payments on account of the timber sale were made to J. Harrison Westover, Esq., as escrow, that the administratrix also sold "red-dog" or mine refuse from the land involved in these proceedings and has received payments for the same, that lessees of a portion of the coal land ceased making payments of royalty by reason of the present litigation. The peti-

tion asks the court to direct that all parties who received the payments above referred to be required to pay the amounts now in their hands to petitioner and that any amounts due and unpaid likewise be paid to it.

An answer to the petition was filed by but two of the defendants, Nettie Stineman Slick, individually, and as administratrix d. b. n. c. t. a. and the Moxham National Bank of Johnstown, trustee for Dorothy S. Cutting and Paul O. Stineman. However, at the argument counsel for the Moxham National Bank of Johnstown, trustee, stated for the record that he had been instructed by the board of directors of that institution to withdraw the joinder of the bank in such answer. In her answer, the administratrix advances two reasons why the prayer of the petition should not be granted:

First, she contends that the funds referred to are not personal property of the kind and character as contemplated by the Act of April 27, 1927, P. L. 460, 12 PS §1791. This reason was not pressed at the argument and it is clear that the funds which petitioner seeks to have paid to it consist of personal property which is jointly owned by two or more persons and is, therefore, subject to partition under the Act of 1927.

The second reason suggested by the administratrix is that the personal property with which we are concerned is subject to the exclusive jurisdiction of the orphans' court and that consequently the several funds should be paid to defendant administratrix d. b. n. c. t. a. since legal title to the "personal estate of a decedent" passes at his death to his personal representative as of the date of death: Act of April 18, 1949, P. L. 512, sec. 103, 20 PS §320.103, which section is declaratory of the existing case law. See comment thereunder.

The question involved is simply whether the funds on hand should be paid to and distributed by the trustee in partition of the personal property of the parties

as tenants in common or by the administratrix d. b. n. c. t. a.

The difficulty with defendant's position is that the funds which are the subject of this petition were at no time a part of the "personal estate of a decedent". The testator died in the year 1913 and the funds are proceeds of royalties from real estate which has been owned by the parties, the heirs of Jacob C. Stineman, for the past 42 years as tenants in common: Stineman v. Stineman, 382 Pa. 153. The administratrix cited the case of Smith v. Glen Alden Coal Co. et al., 347 Pa. 290. In that case, however, a lease of coal land had been made by the testator in his lifetime " 'until such time as all the available merchantable coal shall have been mined and removed' ". The court said that such a lease constituted a sale of an estate in fee simple and that the interest remaining in decedent-lessor in the royalties to be paid under the lease was personal property. In that situation the testator's interest as lessor clearly passed to his personal representative as personal property. In the case before us we are not concerned with the proceeds of a lease entered into by the testator in his lifetime but with the proceeds of leases made by the children of the testator joined with the executor: Stineman v. Stineman, 382 Pa. 153, 160. The funds on hand, therefore, are the proceeds of real estate jointly owned by the parties. As jointly owned personal property they are subject to partition under the Act of 1927, supra.

The administratrix d. b. n. c. t. a. further suggests that in the past the parties have permitted the royalties paid under the various leases to be paid to the personal representative and distributed by the personal representative to them and that consequently the funds now on hand should be paid to the present administratrix. Since the Supreme Court has determined

that the real estate of Jacob C. Stineman, deceased, was clearly devised to the parties to this suit in fee simple the acts of the parties do not create an estoppel. See also Burpee Estate, 367 Pa. 329, 336.

We, therefore, enter the following

### Decree

And now, July 26, 1955, after argument, and upon due consideration, it is hereby ordered and decreed as follows:

(a) The order of this court of March 4, 1952, permitting Adams Fuel Corporation to make all royalty payments to Joseph C. Dolan, prothonotary, be and the same is hereby vacated;

(b) the order of this court of May 20, 1953, permitting Fallier Coal Mining Company to make all royalty payments to Joseph C. Dolan, prothonotary, be and the same is hereby vacated;

(c) Joseph C. Dolan, prothonotary, be and he hereby is ordered and directed to pay all money received from Adams Fuel Corporation and Fallier Coal Mining Company as royalty payments now in his hands, to wit, $21,160.64, to the First National Bank of Ebensburg, trustee, and further to pay over to the said First National Bank of Ebensburg, trustee, any amount subsequently paid to him by the Adams Fuel Corporation and Fallier Coal Mining Company by reason of the above mentioned orders;

(d) The Stineman Coal & Coke Company is hereby ordered and directed to file a report of all coal mined and removed by the said Stineman Coal & Coke Company from the property of plaintiffs and defendants in this action from and after January 24, 1952, and to pay the unpaid royalty, if any, on said coal as shown by said report to the First National Bank of Ebensburg, trustee, or disclose to whom it has been paid, and further to pay all future royalties if any are or

become due under said lease to the First National Bank of Ebensburg, trustee;

(e) Nettie Stineman Slick and/or Nettie Stineman Slick, administratrix d. b. n. c. t. a. of the estate of Jacob C. Stineman, deceased, is hereby ordered and directed to file a report showing all money received by her belonging to plaintiffs and defendants herein, which she had no lawful authority to collect or receive, and further to pay over all said moneys to the First National Bank of Ebensburg, trustee.

(f) J. Harrison Westover, Esq., is ordered and directed to pay the First National Bank of Ebensburg, trustee, all money now being held by him in escrow, the same being proceeds from the sale of timber to J. V. Hammond Co.;

(g) Industrial Collieries, Inc. and/or Bethlehem Steel Corporation is hereby ordered and directed to submit a report of all royalty due and owing under its lease from February 14, 1952, to the present time, and to pay all royalty due and owing to the First National Bank of Ebensburg, trustee, and further to make all future payments of money due and owing under its lease to the First National Bank of Ebensburg, trustee;

(h) The rule to show cause hereby directed against the First National Bank of Ebensburg, trustee, under order of this court of September 24, 1954, be and the same is hereby dismissed;

(i) The rule to show cause hereby directed against Joseph C. Dolan, Prothonotary of the Court of Common Pleas of Cambria County, under order of this court of September 24, 1954, be and the same is hereby dismissed.

PER CURIAM, September 15, 1955.—One of the defendants, Nettie Stineman Slick, admrx. d. b. n. c. t. a. of the estate of Jacob C. Stineman, deceased, filed exceptions to the decree of this court dated July 26, 1955,

directing that certain funds collected by and in the hands of defendant and others be paid over to the First National Bank of Ebensburg, trustee in partition of personal property.

Several suggestions of error are made in the exceptions.

It is suggested that the moneys involved are not personal property of the kind and character contemplated by the Act of April 27, 1927, P. L. 460, 12 PS §1791, but are cash moneys to be accounted for and distributed in kind. As explained in the opinion filed July 26, 1955, the funds referred to are of the kind and character contemplated by the Act of 1927 for the reason that they consist of personal property jointly owned by two or more persons and, therefore, subject to partition under that act. It is true that they are cash moneys and not to be offered for sale as is contemplated by the Act of 1927 with regard to other personal property. After being paid to the trustee in partition these moneys are to be distributed by it among the heirs.

Since the Supreme Court in Stineman v. Stineman, 382 Pa. 153, determined that the heirs of Jacob C. Stineman, deceased, who died in 1913, took as tenants in common and that no trust had been created by his will, the interest of each heir in the funds collected as royalties from the leases, all of which were made by the heirs after the testator's death, is the interest of a tenant in common and hence arose from partitionable property. The partition of the leases was delayed by the pendency of legal proceedings in the lower court and in the Supreme Court but during the accrual of the funds arising from partitionable personal property such funds rightfully belonged to the trustee in partition, from the time of its appointment on September 30, 1949.

Other exceptions are based upon the allegation that the orphans' court has jurisdiction and that the administratrix d. b. n. c. t. a. is accountable only to the orphans' court. Certainly she is accountable to the orphans' court for any moneys she received which formed a part of the testator's estate but the moneys in question arising from leases made by the heirs of the testator as tenants in common after his death, were not in decedent's possession either actively or presumptively at the time of his death, were never registered in the name of decedent or his nominee, nor had they come into the possession of the personal representative as part of the testator's estate: Orphans' Court Act of August 10, 1951, P. L. 1163, sec. 301, as amended, 20 PS §2080.301; Perri v. Chiavaroli, 370 Pa. 495, 499. "Where *heirs or devisees convey real estate to strangers to the will*, the orphans' court has no jurisdiction to decree specific performance": Colison's Estate, 356 Pa. 531, 534. So where, as here, the heirs leased real estate to strangers, the orphans' court has no jurisdiction over the proceeds of the leases.

This is in accord with the rule generally. In 21 Am. Jur. 889, §920 we find the following:

"It has also been held that if an administrator takes possession of property, as that of his intestate, which belongs to a third person, he will be liable personally, because if the property did not belong to the decedent at the time of his death, it cannot be held by anyone as his administrator. It is not necessary to file a claim therefor in the probate court."

Defendant's exceptions must be dismissed.

We, therefore, enter the following

### Decree

And now, September 15, 1955, after argument, and upon due consideration, defendant's exceptions are

dismissed and the Prothonotary of Cambria County is directed to enter the decree of July 26, 1955, as the final decree.

*Exception*

To all of which counsel for defendant except and pray that an exception be noted and bill sealed; all of which is, the day and year aforesaid, accordingly done.