Frederick J. Essig and Company, Appellant, *v.* Central-Penn National Bank.

Argued March 19, 1965. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Robert P. Garbarino,* with him *Arthur J. Kania,* and *Crumlish and Kania,* for appellant.

*George M. Brodhead,* with him *Arno P. Mowitz, Peter C. Paul,* and *Mowitz & Kohlhas,* and *Rawle & Henderson,* for appellee.

*Charles Polis*, with him *Polis & Polis*, for appellees.

OPINION BY MR. JUSTICE MUSMANNO, April 20, 1965:
On November 27, 1963, Paul Dreher of Philadelphia died, leaving a will which appointed the Central-Penn National Bank of Philadelphia executor of his estate. Among the assets of the estate was a quantity of unmounted gems and precious stones which the executor bank announced for sale to the highest bidder. The invitation to bid stated: "In the event that there are two or more top bids rather close to each other, we will inform those bidders of that fact, and give them an opportunity to review their offer and submit sealed bids."

On November 12, 1964, Frederick J. Essig and Company (hereinafter called Essig), bid $65,100. Joseph Milner, trading as House of Milner, and Harold Abraham, trading as Simpsons, and hereinafter referred to as Milner-Simpson, bid $58,000. The bank informed Essig that its bid had been accepted, and notified the other bidders of that acceptance.

Essig at once made payment of the $65,100 and entered into a contract of sale of some of the gems to Fisher and Nelson of New York. Milner-Simpson, however, disputed the acceptance of Essig's bid, contending that since, under the terms announced by the bank, its offer of $58,000 was close to that of $65,100, there should be a rebidding. In pursuance of this contention, Milner-Simpson petitioned the Orphans' Court of Philadelphia County to restrain the bank from consummating the sale of Essig, and on November 19, 1964, the court entered an order rescinding the Essig sale. It also decreed that a second sale of the gems be held on November 30, 1964.

On November 24, 1964, Essig filed a complaint in equity in the court of common pleas, praying that the bank be enjoined from reoffering the gems for sale

since they had already been sold to Essig. The court granted a preliminary injunction but on November 30th, after Milner-Simpson had intervened, dissolved it, and discharged the rule to make it permanent. Essig appealed to this Court from the action of the common pleas court, this being the appeal presently under consideration.

While the proceedings in the court of common pleas were pending, the rebidding ordered by the orphans' court took place on November 30th and Essig, under protest, submitted a second bid, this time in the amount of $80,500. Milner-Simpson bid $85,665 and demanded delivery of the gems. The executor bank refused delivery pending disposition of the appeal by Essig to this Court. Milner-Simpson then petitioned the orphans' court for a citation to show cause why the sale to them under the rebidding decreed by the orphans' court should not be confirmed. Essig filed an answer and new matter to that petition.

The appellant contends that the court of common pleas erred in refusing the permanent injunction it sought. Although the common pleas court did not expressly so state, it would appear that the permanent injunction was refused because the matter was then already in the hands of the orphans' court which had decreed the rebidding. We believe this to have been a proper ruling.

When Essig went into the court of common pleas, there was still pending before the orphans' court a petition asking for confirmation of the sale made in accordance with the rebidding. Essig, as before stated, has filed an answer and new matter to that petition. It will thus have an opportunity to argue before the orphans' court the very question it now presents to us for determination, namely, whether the orphans' court had authority to decree a rebidding.

The orphans' court had jurisdiction in the administration and distribution of the personal property of the

estate of the deceased Paul Dreher of which jurisdiction it could not be deprived by subsequent action in the court of common pleas.

Order affirmed; each party to bear own costs.