Shaffer, Appellant, *v.* Dooley.

Submitted March 12, 1973. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

reargument refused August 13, 1973.

*Maurice A. Nernberg, Jr.,* and *Nernberg & Nernberg,* for appellant.

*George H. Thompson,* and *Hirsch, Weise & Tillman,* for appellee.

OPINION BY MR. CHIEF JUSTICE JONES, July 2, 1973:
On November 24, 1970, the appellant, Thelma Shaffer, filed a complaint in equity against the appellee,

Mary Dooley. Appellant's complaint alleged that Gail Shaffer, appellant's husband, had become enmeshed in an extramarital affair with Mary Dooley. The complaint averred that the marital difficulties experienced by the Shaffers were then reconciled, but that Mary Dooley thereafter "attempted by cards, letters and telephone calls to cajole [appellant's] husband into returning to their former meretricious relationship." Appellant asked the lower court to enjoin the appellee's attempts at communicating with the husband. The complaint also sought compensation for criminal conversation.

After a preliminary objection was filed by the appellee, the court below entered a decree on April 10, 1972, dismissing the case.[1] The lower court's dismissal of the complaint was based upon its determination that a court of equity may only concern itself with questions affecting property and the chancellor can exercise no jurisdiction in matters of wrongs to the person. Thelma Shaffer has taken this appeal from the decree of dismissal.

Appellant poses two questions: (1) should a court of equity sustaining preliminary objections on grounds that it lacks equity jurisdiction dismiss the case or certify it to the law side of court?; (2) was the chancellor correct in his determination that the court lacked equity jurisdiction?

Appellee's preliminary objection[2] to appellant's complaint in equity was that there existed a complete and

---

[1] The court dismissed the complaint even though appellee, by her preliminary objection, sought only a certification of this matter to the law side of the court.

[2] The objection to appellant's complaint was accompanied by a motion for more specific pleading. Appellant alleged incidents of sexual intercourse between the appellee and the appellant's husband, but did not aver matters of time and place with specificity.

416

adequate remedy at law: "Plaintiff's Complaint is based upon an alleged adulterous relationship between Defendant and Plaintiff's husband, Gail Shaffer, and requests damages for criminal conversation between Defendant and Plaintiff's husband. Criminal conversation is a tort and redressable at law, not in equity. Plaintiff, therefore, if she has any cause of action against Defendant, has a full, complete and adequate remedy at law and this action should be certified to the law side of court." Rule 1509 of our Rules of Civil Procedure provides, in pertinent part, as follows: "(c) The objection of the existence of a full, complete and adequate non-statutory remedy at law shall be raised by preliminary objection. If the objection is sustained, *the court shall certify the action to the law side of court.*" (Emphasis added) Although the appellee requested that this matter be transferred to the law side of court upon the preliminary objection that an adequate legal remedy existed, and notwithstanding the provisions of Rule 1509(c) mandating the chancellor's certification of such cases to a legal forum, the court below dismissed the case. The appellant has made out a case which raises the issue of whether she was entitled to compensatory damages for criminal conversation. Thus, even assuming that equity could not be invoked in this case, the matter should have been transferred to the law side of court for disposition. *See Trimble Services, Inc. v. Franchise Realty Interstate Corp.*, 445 Pa. 333, 285 A. 2d 113 (1971); *Setlock v. Sutila*, 444 Pa. 552, 282 A. 2d 380 (1971); *Holiday Lounge, Inc. v. Shaler Enterprises Corp.*, 441 Pa. 201, 272 A. 2d 175 (1971); *Siegel v. Engstrom*, 427 Pa. 381, 235 A. 2d 365 (1967); *Wilson v. King of Prussia Enterprises, Inc.*, 422 Pa. 128, 221 A. 2d 123 (1966); *Allegheny Plastics, Inc. v. Stuyvesant Insurance Co.*, 414 Pa. 381, 200 A. 2d 775 (1964); *Hampsey v. Duerr*, 401

Pa. 578, 166 A. 2d 38 (1960) ; *Reddilt v. Horn*, 361 Pa. 533, 64 A. 2d 809 (1949).

The court below fell into error in not certifying the matter to the law side of the court.

Decree reversed. Costs to abide the outcome of the proceedings on the law side of the court.