## Stockman v. Alpine Nursing and Convalescent Home, Inc.

*Lee C. Swartz*, for plaintiff.
*Edward E. Knauss, III*, for defendants.

WICKERSHAM, *J.*, January 9, 1979—This matter is before the court on defendants' preliminary

objections in the nature of a motion to dismiss plaintiff's praecipe for a writ of summons in trespass.[1] Plaintiff's cause of action accrued on June 23, 1976, when she allegedly was injured while being administered therapy by one of defendant nursing home's employes, Kathryn L. Stauffer. Defendant David Siberling was also employed by the nursing home's therapy department. The writ was issued on July 12, 1977, by the prothonotary of the Dauphin County Court of Common Pleas. Thereafter, on July 14, 1977, a copy of the writ of summons in trespass was served upon each defendant.

The issue before the court is whether plaintiff's cause of action should be dismissed with prejudice, or whether it should be transferred to the office of the administrator for arbitration panels for health care.

It is clear that in most instances, the courts of common pleas of the various judicial districts possess broad subject matter jurisdiction. Article V, §5(b) of the Pennsylvania Constitution provides: "There shall be one court of common pleas for each judicial district . . . (b) having unlimited original jurisdiction in all cases except as may otherwise be provided by law." The Pennsylvania legislature, however, has recently established that all cases involving allegations of medical malpractice shall be entertained exclusively by arbitration panels within the office of the administrator for arbitration panels for health care pursuant to the Health Care Services Malpractice Act of October 15, 1975, P.L.

---

1. This case was listed for argument before the court en banc September 6, 1978. The controversy is being decided on the basis of briefs submitted by the parties.

390, sec. 101 et seq., 40 P.S. §1301.101 et seq. Section 1301.309 of the act delineates precisely what the arbitration panel's jurisdiction is:

"The arbitration panel shall have original exclusive jurisdiction to hear and decide any claim brought by a patient or his representative for loss or damages resulting from the furnishing of medical services which were or which should have been provided. The arbitration panel shall also have original exclusive jurisdiction to hear and decide any claim asserted against a nonhealth care provider who is made a party defendant with a health care provider." 40 P.S. §1301.309.

It is apparent from the statute's definitions of "patient" and "health care provider" that the plaintiff is a "patient" and the defendants are "health care providers."[2] Because the effective date of the Health Care Services Malpractice Act was January 13, 1976, and because plaintiff's cause of action allegedly accrued on June 23, 1976, it is quite obvious that jurisdiction in this case is vested exclusively in the office of the administrator for arbitration panels for health care.

The problem in this case, however, arises due to the fact that the parties disagree as to the proper disposition of the matter. Defendants argue strenuously that plaintiff's cause of action should be dis-

---

2. Section 1301.103 provides: "'Health care provider' means a primary health center or a person, corporation or facility institution or other entity licensed . . . to provide health care or professional medical services as a . . . nursing home, . . . an officer, employee or agent of any of them acting in the course and scope of his employment . . . 'Patient' means a natural person who receives or should have received health care from a licensed health care provider." 40 P.S. §1301.103.

missed with prejudice. Plaintiff, on the other hand, contends that the case should be transferred to the office of the administrator for arbitration panels pursuant to Pa.R.C.P. 213(f).

In Eberhardt v. Ovens, 436 Pa. 320, 259 A. 2d 683 (1969), the Pennsylvania Supreme Court raised sua sponte the issue of whether or not the orphan's court division of a court of common pleas should have exclusive jurisdiction of a case involving adjudication of title to personal property in the possession of decedent's personal representative. In holding that the orphan's court division, rather than the equity division where the action was originally commenced, *did* have such original jurisdiction, the court held that outright dismissal was warranted. The Eberhardt decision was rendered on November 28, 1969; however, none of the justices even alluded to Pa.R.C.P. 213(f) which had been adopted 11 months before on January 1, 1969. Rule 213(f) provides:

"When an action is commenced in a court which has no jurisdiction over the subject matter of the action it *shall not be dismissed* if there is another court of appropriate jurisdiction *within the Commonwealth* in which the action could originally have been brought but the court *shall transfer the action* at the cost of the plaintiff to the court of appropriate jurisdiction." (Emphasis supplied.)

Nevertheless, four years later, in a Pennsylvania Supreme Court decision styled Kohl v. Lentz, 454 Pa. 105, 311 A. 2d 136 (1973), an action was erroneously commenced in the equity division of a court of common pleas; defendant filed preliminary objections, arguing that exclusive jurisdiction of

the subject matter was in the orphan's court division. The Supreme Court upheld defendant's preliminary objections and affirmed the lower court's dismissal of the case. In reaching its decision, the court relied upon its earlier holding in Eberhardt v. Oven, supra. Two dissenting opinions were filed in Kohl, one by Mr. Justice Pomeroy and the other by Mr. Justice Nix. These two justices sharply criticized the majority opinion and reasoned correctly that under Pa.R.C.P. 213(f) *transfer* to the orphan's court division, rather than *dismissal* was the proper remedy:

"Assuming, however, that the Chancellor was correct in his judgment that the Orphans' Court Division would be a more appropriate forum for this action, there is absolutely no basis for his Decree dismissing the complaint and placing the plaintiff in the position of perhaps having his action forever barred by a statute of limitations.

"We are of the opinion that at best this may have been an inappropriate exercise of jurisdiction. We note that even if the majority was correct in its determination that there was no jurisdiction in the court below, the result reached could have been avoided under Pa.R.C.P. 213(f)." (Footnotes omitted.) Kohl v. Lentz, 454 Pa. 105, 113, 311 A. 2d 136, 139 (1973). (Dissenting opinion, Nix, *J.*)

While we are constrained to agree with defendants that jurisdiction of the subject matter of the instant suit is in the office of the administrator for arbitration panels for health care, we do not agree that dismissal of plaintiff's cause of action is warranted. Our conclusion is reinforced by Pa.R.C.P. 126, which provides: "The rules shall be liberally

construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable. The court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties."

Finally, in Chul Kim v. Estate of Heinzenroether, 37 Pa. Commonwealth Ct. 328, 390 A. 2d 874 (1978), the Pennsylvania Commonwealth Court held that the administrator of the office for arbitration panels for health care has the power to transfer from arbitration to common pleas a proceeding brought upon a cause of action arising *prior* to the effective date of the Health Care Services Malpractice Act. In so holding, President Judge Bowman reasoned:

"[W]e believe the operative rule in this Commonwealth permits liberal transfer by a court, *or other tribunal* lacking subject-matter jurisdiction, to the appropriate court or tribunal, and that this rule adheres regardless of the particular circumstances wherein a jurisdictional statute postdates the cause of action.

"The general rule regarding the transfer of erroneously filed matters, as set forth in the Judicial Code, 42 Pa.C.S. §101 et seq., dictates transfer to the appropriate forum, treating the matter as having been filed in the transferee forum on the original filing date. This rule is repeated by both Pa.R.C.P. 213(f) and section 503 of the ACJA, 17 P.S. §211.503. Though these provisions address themselves specifically to court proceedings, we feel they create a framework within which a tribunal operating under standards such as those imposed by the Health Care Services Malpractice Act

may transfer a matter to the appropriate forum upon a determination that jurisdiction is lacking." Chul Kim v. Estate of Heinzenroether, supra. (Footnotes omitted. Emphasis in original.)

We therefore hold that the instant case should be transferred to the office of the administrator for arbitration panels for health care pursuant to Pa.R.C.P. 213(f).

## ORDER

And now, January 9, 1979, the prothonotary of the Court of Common Pleas of Dauphin County is ordered and directed to transfer the entire record of the above-captioned matter together with a certified copy of the docket entries of the action to: Arthur Frankston, Esq., Administrator, Office of Medical Malpractice Arbitration, Harrisburg, Pa. 17102.

All costs to be paid by plaintiff.