## Butler Education Association, Petitioner v. Butler Area School District, Respondent.

144

Submitted February 23, 1978 to President Judge Bowman and Judges Crumlish, Jr., Wilkinson, Jr., Mencer, Rogers, Blatt and DiSalle.

*Ronald N. Watzman* and *Daniel R. Delaney*, for petitioner.

*Charles E. Dillon,* with him *Dillon, McCandless, King & Kemper,* for respondent.

Per Curiam Opinion, March 3, 1978:

On January 26, 1978, the Court of Common Pleas of Butler County entered a decree enjoining a work stoppage by the Butler Education Association. The court below found that the work stoppage created a clear and present danger or threat thereof to the health, safety or welfare of the public. (*See* Section 1003 of the Public Employe Relations Act, Act of July 23, 1970, P.L. 563, *as amended,* 43 P.S. §1101.1003). The court also specifically held "[t]he strike provi-

sions of PERA [Public Employe Relations Act] relating to public school teachers cannot be reconciled with the Public School Code and the Constitution of Pennsylvania. The portion of PERA legalizing strikes by public school teachers is unconstitutional." Defendants have filed exceptions to the decree which are presumably awaiting disposition below.

The defendants thereafter presented a motion to the court below whereby defendants requested the court to amend its decree to provide a statement that:

This Court is of the opinion that its Order involves a controlling question of law as to which there is substantial ground for difference of opinion and an immediate appeal from this Court Order may materially advance the ultimate determination of the matter.

This language is as required by Section 501(b) of the Appellate Court Jurisdiction Act of 1970 (ACJA), Act of July 31, 1970, P.L. 673, *as amended*, 17 P.S. §211.501(b). On February 21, 1978, the motion to amend was denied.

The Butler Education Association then filed in this Court a petition for interlocutory appeal by permission pursuant to Section 501(b) of the ACJA and Pa. R.A.P. 1301 et seq. The Association has also filed a petition for review and an application for supersedeas and stay.

Addressing first the Association's petition for interlocutory appeal by permission, we conclude that we are without authority to grant the same as the court below has refused to amend its decree to provide the requisite statement for an interlocutory appeal by permission. Section 501(b) of the ACJA, after providing for a statement, states:

The appellate court *may thereupon*, in its discretion, permit an appeal to be taken from such order. (Emphasis added.)

Likewise, Pa. R.A.P. 1311(b) provides in part:

b. *Petition for permission to appeal.*—Permission to appeal from an interlocutory order *containing the statement prescribed by Section 501(b) of the Appellate Court Jurisdiction Act of 1970* may be sought. . . . (Emphasis added.)

We view a statement pursuant to Section 501(b) as a condition precedent to this Court allowing an interlocutory appeal by permission. As previously noted, the court below refused to amend its decree to provide such a statement.

Seemingly recognizing this contingency, the Association has also filed a petition for review. Generally, a petition for review is the pleading utilized to commence a proceeding in this Court in the nature of an appeal from an administrative agency or in the nature of a cause of action against the Commonwealth or an officer thereof addressed to our original jurisdiction. (*See* Pennsylvania Rules of Appellate Procedure, Chapter 15). However, the note to Pa. R.A.P. 1311 provides in part:

Where the administrative agency or lower court refuses to amend its order to include the prescribed statement, [pursuant to Section 501 (b), ACJA] a petition for review under Chapter 15 of the unappealable order of denial is the proper mode of determining whether the case is so egregious as to justify prerogative appellate correction of the exercise of discretion by the lower tribunal. If the petition for review is granted in such a case, the effect (as in the Federal Practice under 28 U.S.C. §1292(b)) is the same as if a petition for permission to appeal had been filed and granted, and no separate petition for permission to appeal need be filed.

This is the thrust of the Association's petition for review as it requests "prerogative appellate correction" of Judge KIESTER's denial of the Association's motion to amend.

With exceptions outstanding below, which presumably will be expeditiously decided, we hold that the lower court's denial of the Association's motion to amend was not so egregious as to warrant this Court entertaining the Association's petition for review.

Furthermore, a fundamental question arises concerning the jurisdiction of this Court to pass upon the Association's petitions and application.

A petition for permission to appeal or a petition for review of the type herein described must be filed with the appellate court which would have jurisdiction on an appeal from a final order. As noted, the court below has declared a portion of a statute of this state unconstitutional. Pursuant to Section 202(9) of the ACJA, 17 P.S. §211.202(9), the Supreme Court of Pennsylvania enjoys exclusive appellate jurisdiction over final orders so concluding. It necessarily follows that the Supreme Court and not this Court has jurisdiction to entertain a petition for permission to appeal or a petition for review where the interlocutory order sought to be reviewed declares a state statute unconstitutional. We therefore must transfer these matters to the Supreme Court of Pennsylvania.

### ORDER

Now, March 3, 1978, the petition for interlocutory appeal by permission, petition for review, and application for supersedeas and stay of the Butler Education Association are hereby transferred to the Supreme Court of Pennsylvania.

The Chief Clerk shall certify to the Prothonotary of said Court a photocopy of the docket entries of the above matter and transmit to her the record thereof.

The Chief Clerk shall forward a copy of this Opinion and Order to President Judge George P. KIESTER of the Court of Common Pleas of Butler County and to all counsel of record.