Chul Kim, M.D., Petitioner *v.* Estate of Elizabeth G. Heinzenroether by Robert R. Heinzenroether, Executor, Respondent.

Argued May 2, 1978, before President Judge Bow-man and Judges Crumlish, Jr., Wilkinson, Jr., Mencer, Rogers, Blatt and DiSalle.

*Jerome W. Kiger*, with him *Dennis A. Watson,* and *Grogan, Graffam, McGinley & Solomon,* for petitioner.

*P. Andrew Diamond,* with him *William E. Stockey,* for respondent.

Opinion by President Judge Bowman, August 25, 1978:

This particular proceedings is a by-product of a survival action initiated by the executor of the respondent's estate against the petitioner, Chul Kim, M.D., upon allegation that the petitioner had acted negligently in the treatment of the decedent, Elizabeth G. Heinzenroether, thereby causing her to sustain serious injury to her arm.

The underlying proceedings were initiated pursuant to the provisions of the Health Care Services Malpractice Act (Act), Act of October 15, 1975, P.L. 390, *as amended*, 40 P.S. §1301.101 et seq., the purpose of which is "to make available professional liability insurance at a reasonable cost, and to establish a system through which a person who has sustained injury or death as a result of tort or breach of contract by a health care provider can obtain a prompt determination and adjudication of his claim and the determination of fair and reasonable compensation." Section 102 of the Act, 40 P.S. §1301.102.

The Act creates within the Department of Justice the Office of the Administrator for Arbitration Panels for Health Care (Administrator), whose duties include the promulgation of all rules prescribing the manner of obtaining redress under the Act, the appointment of a separate Arbitration Panel for each claim, and ruling on all preliminary motions.[1]

---

[1] Section 307 of the Act, 40 P.S. §1301.307:

(a) The administrator shall adopt and publish such uniform rules and regulations as may be necessary to carry out the provisions of this act, and shall prescribe the means, methods and practices necessary to effectuate such provisions. Such rules and regulations shall be consistent with the common and statutory law of the Commonwealth, the Pennsylvania Rules of Civil Procedure, and the Pennsylvania rules of evidence. Such rules and regulations.

In order to prosecute a claim, a patient, or representative, files a complaint with the Administrator who refers the case to the appropriate Arbitration Panel which hears and resolves the claim. *See* Sections 401 and 402 of the Act, 40 P.S. §§1301.401, .402; 37 Pa. Code §171.1 et seq.

Accordingly, on March 23, 1977, a "notice complaint" was filed with the Administrator alleging negligent mistreatment on or about June 15, 1975. After procedural infighting not germane to a resolution of the issue before this Court, a formal complaint was forwarded to the Arbitration Panel on June 13, 1977.

The petitioner thereafter filed preliminary objections to the complaint, the substantive basis of which was that the panel for health care was without jurisdiction to entertain an action which arose prior to the effective date of the Act, January 13, 1976.

Respondent answered by filing a petition for change of venue to the Allegheny County Court of Common Pleas; said petition being premised upon Section 506 of the Act, 40 P.S. §1301.506, which binds the Arbitration Panel to the Rules of Civil Procedure, and Pa. R.C.P. No. 213(f), which provides that no action shall be dismissed for lack of jurisdiction when

after consultation with the Secretary of Health, may include provisions for the use of forms which provide for the disclosure of the nature of the proposed treatment or diagnosis, risks of the proposed treatment or diagnosis, and alternate methods of treatment or diagnosis.

(b) The administrator shall have the power to consider and approve offers of settlement for fiduciaries, minors and incompetent parties at any time prior to the first meeting of the arbitration panel. The fund may be represented at any negotiation or settlement exceeding the basic coverage insurance carrier limit of liability.

(c) Prior to appointment of an arbitration panel chairman, the administrator is authorized and empowered to rule on all preliminary motions.

there exists within the Commonwealth a court of appropriate jurisdiction in which the action could originally have been brought.

Petitioner responded that the action should be dismissed altogether for lack of jurisdiction.

On October 27, 1977, upon consideration of the above petition and answer, the Administrator transferred the claim to the Allegheny County Court of Common Pleas, believing that "the spirit of Pa. R.C.P. 213(f) and Pa. R.C.P. 126 supports the proposition that a party should not be prejudiced by bringing an action in the wrong jurisdiction, and that the liberal spirit of said rules is intended to include the wrong tribunal as well as the wrong court." It is from this determination that the petitioner has appealed to this Court, invoking Section 403 of the Appellate Court Jurisdiction Act of 1970 (ACJA), Act of July 31, 1970, P.L. 673, *as amended*, 17 P.S. §211.403.

At issue, therefore, is whether the Administrator has the power to transfer from arbitration to common pleas a proceedings brought upon a cause of action arising prior to the effective date of the very act which is the source of his authority.

It is petitioner's position that the applicability of the Rules of Civil Procedure is dependent upon the jurisdiction of the Arbitration Panel; that since Section 1003 of the Act, 40 P.S. §1301.1003, specifically excludes from its coverage all causes of action arising before January 13, 1976, the transfer provisions of Pa. R.C.P. No. 213(f) cannot apply.

Is the Administrator's power to transfer dependent upon the subject-matter jurisdiction of the Arbitration Panel? We think not. We so conclude because we believe the operative rule in this Commonwealth permits liberal transfer by a court, *or other tribunal* lacking subject-matter jurisdiction, to the appropriate court or tribunal, and that this rule ad-

heres regardless of the particular circumstances wherein a jurisdictional statute postdates the cause of action.

The general rule regarding the transfer of erroneously filed matters, as set forth in the Judicial Code, 42 Pa. C.S. §101 et seq., dictates transfer to the appropriate forum, treating the matter as having been filed in the transferee forum on the original filing date.[2] This rule is repeated by both Pa. R.C.P. No. 213(f) and Section 503 of the ACJA, 17 P.S. §211. 503. Though these provisions address themselves specifically to court proceedings, we feel they create a framework within which a tribunal operating under standards such as those imposed by the Health Care Services Malpractice Act may transfer a matter to the appropriate forum upon a determination that jurisdiction is lacking.

It is clear that the legislature intended the Rules of Civil Procedure should govern proceedings before both the Administrator (Section 307, 40 P.S. §1301. 307) and the Arbitration Panel (Section 506, 40 P.S. §1301.506). We believe it would be anomalous to hold

---

[2] *See* Section 5103(a), 42 Pa. C.S. §5103(a):

    (a) General rule.—If an appeal or other matter is taken to or brought in a court or magisterial district which does not have jurisdiction of the appeal or other matter, the court or district justice shall not quash such appeal or dismiss the matter, but shall transfer the record thereof to the proper court or magisterial district of this Commonwealth, where the appeal or other matter shall be treated as if originally filed in the transferee court or magisterial district on the date first filed in a court or magisterial district.

*See also* Section 5101(a), 42 Pa. C.S. §5101(a):

    (a) General rule.—Every person for a legal injury done him in his lands, goods, person, or reputation shall have remedy by due course of law, and right and justice administered without sale, denial or delay.

inapplicable for lack of jurisdiction the very rule outlining the procedure to be followed in the event of improper jurisdiction. There is no dispute that the Administrator, who "is authorized and empowered to rule on all preliminary motions" by Section 307(c) of the Act, 40 P.S. §1301.307(c), has it within his purview to effectuate such transfers relating to causes of action accruing after January 13, 1976. *See* Section 708(d) of the Judicial Code, 42 Pa. C.S. §708(d). Because we believe a rule of procedure which anticipates improper subject-matter jurisdiction has an inherent, self-executing, retroactive effect, we hold the Administrator's transfer authority pertains as well to causes of action accruing before January 13, 1976.

We are not unmindful of the time frame within which we operate, and that the Administrator's power evolves from legislation postdating the cause of action. His authority in the instant case stems not from any retroactive effect of the Act itself, but rather from that of Rule 213(f), and his authority to apply said rule in ruling on preliminary motions.[3]

Our holding in this manner is consistent with the proposition that a court is ordinarily imbued with

---

[3] The new Judiciary Act Repealer Act, Act of April 28, 1978, P.L. No. 53 ("JARA"), effective generally June 27, 1978, contains a Section 933(a)(1)(viii) which addresses appeals from the Arbitration Panel:

> Determinations of an arbitration panel established under the act of October 15, 1975 (P.L. 390, No. 111) known as the 'Health Care Services Malpractice Act.' Except as otherwise prescribed by general rules, venue shall be in the county where the cause of action arose.

The fact that the Administrator's determinations are not included within the scope of this section indicates to us an intention on the part of the legislature to maintain the independence of that office, and further buttresses our opinion that exercise of the Administrator's preliminary powers is not dependent upon the subject-matter jurisdiction of the Arbitration Panel.

initial jurisdiction to ascertain its own jurisdiction, regardless of a final determination that subject-matter jurisdiction is lacking. *See, for example, Connellsville Township Supervisors v. City of Connellsville,* 14 Pa. Commonwealth Ct. 532, 322 A.2d 741 (1974); *see also Fischer v. Kassab,* 32 Pa. Commonwealth Ct. 581, 380 A.2d 926 (1977) (jurisdiction to consider preliminary objections of sovereign immunity and dismiss for lack of jurisdiction). Commensurately, we deem it within the power and authority of any tribunal performing quasi-judicial functions to determine the nature and extent of its own jurisdiction. *See Grime v. Department of Public Instruction,* 324 Pa. 371, 188 A. 337 (1936); *McDevitt v. Gunn,* 182 F. Supp. 335 (E.D. Pa. 1960); *cf. Troiani Brothers, Inc. v. Pennsylvania Public Utility Commission,* 36 Pa. Commonwealth Ct. 179, 387 A.2d 980 (1978), and it is to precisely this power and authority which rules in the nature of Pa. R.C.P. No. 213(f) are addressed.

While there is scant precedent to aid us in resolving the precise issue, we do believe that analogy can be drawn to that line of cases emanating from Pennsylvania's Supreme Court addressing the interrelationship between Section 9, Article V, of the 1968 amended Constitution,[4] its implementing legislation, and preexisting statutes regulating appellate review. On several occasions, litigants not only ran afoul of shortened time limits within which an appeal had to be brought, but also filed erroneously in the Supreme

---

[4] The text of Section 9 reads:

There shall be a right of appeal in all cases to a court of record from a court not of record; and there shall also be a right of appeal from a court of record or from an administrative agency to a court of record or to an appellate court, the selection of such court to be as provided by law; and there shall be such other rights of appeal as may be provided by law.

Court. Rather than quash the appeal, the Supreme Court granted an extension of the appeal period and remitted to the Superior Court *as though timely filed. See Smethport Area School District v. Bowers,* 440 Pa. 310, 269 A.2d 712 (1970); *Plains Township School District Appeal,* 438 Pa. 294, 265 A.2d 358 (1970).

On yet another occasion, an appeal by a discharged Bethlehem City police officer had similarly been erroneously filed in the Supreme Court when, by virtue of the 1968 appeal statutes,[5] appellate jurisdiction was placed in the Superior Court. However, under Section 402 of the ACJA, 17 P.S. §211.402, appellate jurisdiction of such cases was vested in the Commonwealth Court. On the operative date of the ACJA, the appeal was improperly in the Supreme Court. Rather than quash as untimely, or transfer to the Commonwealth Court, the Court deemed it more appropriate to transfer to the court which had jurisdiction on the date the appeal was filed. *See Kramer Appeal,* 445 Pa. 238, 282 A.2d 386 (1971).

The operating principle within these decisions appears to be that altered procedure should not ipso facto preclude a litigant from prosecuting a cause of action. In the cases cited above, the respective appellants had pursued a proper course of action under rules which no longer pertained. The Supreme Court found their actions not so unreasonable as to compromise their opportunity to pursue their appeals in the proper forum. We believe a similar spirit should guide us in disposing of the objections to the respondent's claim. Although factually distinguishable from the above in that respondent has improperly filed under new rules, the result sought by petitioner is precisely that which the Supreme Court endeavored to

---

[5] *See* Act of December 2, 1968, P.L. 1130; Act of December 2, 1968, P.L. 1133 (repealed by Section 509, ACJA, 17 P.S. §211.509).

avoid, effective elimination of a substantive cause of action by reason of amended procedural rules. Such a result is particularly incongruous in a situation where, as here, promulgation of the new act is intended to facilitate rather than hinder prosecution of a claim.

### ORDER

Now, August 25, 1978, the order of the Administrator for Arbitration Panels for Health Care transferring the claim of respondent to the Court of Common Pleas of Allegheny County is affirmed.