Samuel E. Knight, Administrator of the Estate of Sharon M. Knight, Deceased, Petitioner *v.* Walter T. Annon, Stephen I. Foldes and Frankford Hospital, Respondents.

Submitted on briefs, May 16, 1978, to President Judge BOWMAN and Judges CRUMLISH, JR., WILKINSON, JR., MENCER, ROGERS, BLATT and DISALLE.

*John M. Hickey*, for petitioner.

*David J. Griffith* and *Daniel T. McWilliams*, for respondents.

OPINION BY PRESIDENT JUDGE BOWMAN, September 22, 1978:

Petitioner, Samuel E. Knight (Knight), Administrator of the Estate of Sharon M. Knight, deceased, is seeking leave to appeal an order issued by the Administrator for Arbitration Panels for Health Care

(Administrator) sustaining in part respondents' motion for judgment on the pleadings and dismissing Knight's wrongful death action filed under the procedures set forth in the Health Care Services Malpractice Act (Act).[1]

Knight initially filed suit with the Philadelphia County Court of Common Pleas on February 15, 1977, alleging that respondents' negligence had been the cause of his spouse's demise. Upon preliminary objections premised upon Section 309 of the Act, 40 P.S. §1301.309, which vests exclusive jurisdiction of such a cause of action in the Arbitration Panel for Health Care (Arbitration Panel), the cause of action was dismissed by the Philadelphia County Court on May 23, 1977.

Knight in the meantime refiled his complaint with the Administrator on March 17, 1977. Respondents answered that the action was barred by the one year limitation period set forth in Section 2 of the Act of April 26, 1855, P.L. 309, *as amended*, 12 P.S. §1603. Knight replied to the effect that fraud and concealment on the part of respondents should toll the running of the statute. Respondents then moved for partial judgment on the pleadings.

On February 21, 1978, the Administrator sustained the limitations defense to Knight's wrongful death action and directed that damage testimony be limited to those items of damages recoverable under the Pennsylvania Survival Act, 20 Pa. C.S. §3371 et seq.

---

[1] Act of October 15, 1975, P.L. 390, *as amended*, 40 P.S. §1301.101 et seq., the purpose of which, as set forth in Section 102, 40 P.S. §1301.102, is "to make available professional liability insurance at a reasonable cost, and to establish a system through which a person who has sustained injury or death as a result of tort or breach of contract by a health care provider can obtain a prompt determination and adjudication of his claim and the determination of fair and reasonable compensation." *See also* 37 Pa. Code §171.1 et seq.

It is from this order that Knight has proceeded to this Court by way of a petition for permission to appeal an interlocutory order, *see* Pa. R.A.P. 1311, 1312, invoking as a basis for our jurisdiction Section 403 of the Appellate Court Jurisdiction Act of 1970 (ACJA).[2]

By Order dated March 16, 1978, we, sua sponte, raised the issue of our jurisdiction to entertain the petition and deferred disposition pending resolution of the jurisdictional issue.

At issue is whether jurisdiction over appeals from orders of the Administrator lies with the Commonwealth Court or with the appropriate court of common pleas. If the former, then pursuant to Pa. R.A.P. 701, a petition for permission to appeal an interlocutory order of the Administrator is properly entertained by this Court.

No provision exists in the Act for review of orders made by the Administrator. Section 509, 40 P.S. §1301.509, provides that "[a]ppeals from determinations made by the arbitration panel shall be a trial de novo in the court of common pleas. . . ." The question becomes whether such judicial review includes implicitly orders of the Administrator who, by Section 307, 40 P.S. §1301.307, is empowered to rule on all preliminary motions prior to appointment of an arbitration panel chairman.

Respondents argue that the legislature could not have intended that orders of the Arbitration Panel be appealable to one forum while orders of the Administrator are appealable to another, positing that the intent of the legislature to remove from the jurisdiction of the Commonwealth Court appeals from preliminary rulings of the Administrator is manifested by the provisions for appeal of the Arbitration Panel's deci-

---

[2] Act of July 31, 1970, P.L. 673, *as amended*, 17 P.S. §211.403.

sions to the courts of common pleas. We believe, however, that the opposite construction pertains.

The legislature promulgated the Health Care Services Malpractice Act to provide claimants an opportunity for prompt determination of their claims. To promote this effort, two distinct though symbiotic entities were established, the office of the Administrator and the Arbitration Panel, each with specifically defined quasi-judicial powers and duties; the former with regard to preliminary motions, the latter to the facts and issues pertinent to a final adjudication of the claim. Upon such adjudication, the legislature has seen fit to place appellate jurisdiction, in the form of a trial de novo, in the court of common pleas.

The legislature has, therefore, defined the distinct powers and duties of Administrator and Arbitration Panel, vested each with quasi-judicial functions, and then provided for appeal to common pleas from determinations made by the latter. We believe that had the legislature intended to direct appeals from final orders of the Administrator to common pleas such would have been specifically provided for, particularly in that avenues for such an appeal have been constructed by rules of appellate procedure fashioning the petition for review, by the Administrative Agency Law,[3] and by the ACJA. *See* Statutory Construction Act of 1972, 1 Pa. C.S. §§1928(b)(7), 1932.

It is not our province to question the wisdom or efficacy of so dichotomizing appeal procedure in a particular proceedings. Prior to the Act, original jurisdiction over claims for loss or damage resulting from medical services was in common pleas. The legislature has seen fit to rely on this prior experience and has vested appellate jurisdiction in the common

---

[3] Act of June 4, 1945, P.L. 1388, *as amended*, 71 P.S. §1710.1 et seq.

pleas court. Appellate jurisdiction over determinations made by an officer or agency of the Commonwealth has been in the Commonwealth Court.[4] Nothing in the Act leads us to believe that the legislature did not intend that such jurisdiction would continue to vest over determinations made by the Administrator. *See* Statutory Construction Act of 1972, 1 Pa. C.S. §§1921(b), 1921(c)(5).

We have had occasion recently to examine the relationship of Administrator to Arbitration Panel in *Kim v. Estate of Heinzenroether*, 37 Pa. Commonwealth Ct. 328, 334 n. 3, 390 A.2d 874, 876 n. 3 (1978). We noted therein that:

The new Judiciary Act Repealer Act, Act of April 28, 1978, P.L.    , No. 53 ('JARA'), effective generally June 27, 1978, contains a Section 933(a)(1)(viii) which addresses appeals from the Arbitration Panel:

'Determinations of an arbitration panel established under the act of October 15, 1975 (P.L. 390, No. 111) known as the "Health Care Services Malpractice Act." Except as otherwise prescribed by general rules, venue shall be in the county where the cause of action arose.'

The fact that the Administrator's determinations are not included within the scope of this section indicates to us an intention on the part of the legislature to maintain the independence of that office, and further buttresses our opinion that exercise of the Administrator's preliminary powers is not dependent upon the subject-matter jurisdiction of the Arbitration Panel.

---

[4] *See* Section 403 of the ACJA, *supra* note 2; Pa. R.A.P. 1501, 1512.

Though in *Kim* we were addressing the scope of the Administrator's jurisdiction, whereas we are here concerned with defining appellate jurisdiction, we believe the above is pertinent to our holding that determinations made by the Administrator are appealable to the Commonwealth Court. As a corollary thereof, we have jurisdiction to entertain the instant petition.

A condition precedent, however, to this Court allowing an interlocutory appeal by permission is a statement by the lower authority:

> [T]hat [its] order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the matter. . . .

Section 501(b), ACJA, 17 P.S. §211.501(b).

The absence of such a statement terminates the inquiry and compels dismissal of the petition. *See Butler Education Association v. Butler Area School District*, 34 Pa. Commonwealth Ct. 143, 382 A.2d 1283 (1978). As the petition for permission to appeal an interlocutory order does not contain such a statement, the petition must be dealt with accordingly.

### ORDER

Now, September 22, 1978, the petition of Samuel E. Knight, Administrator of the Estate of Sharon M. Knight, deceased, for permission to file an interlocutory appeal is denied.

---

DISSENTING OPINION BY JUDGE DiSALLE:

I dissent. I cannot agree that jurisdiction over appeals from orders of the Administrator lies with our Court rather than with the appropriate court of common pleas. The effect of our holding today is

to require that we pass upon *all* preliminary rulings of the Arbitrator, *e.g.*, rulings on preliminary objections, discovery, joinder of additional defendants, and motions for summary judgment, assuming, of course, that the requirements of Section 501(b) of the Appellate Court Jurisdiction Act of 1970[1] have been met. When the legislature has specifically enumerated those cases wherein we have exclusive appellate jurisdiction,[2] I fail to see how we can construe its silence concerning appeals from preliminary rulings of the Administrator, which are by definition interlocutory, as an intention to place a whole class of cases within our discretionary appellate jurisdiction. It seems to me much more appropriate, indeed, essential, that the tribunal which must eventually try a case (here, the court of common pleas) be the one which initially passes on all preliminary matters, especially those affecting the conduct of the trial. I perceive absolutely no reason for injecting ourselves into the early stages of medical malpractice litigation, absent a clear mandate from the legislature.

Moreover, a review of the Health Care Services Malpractice Act (Act)[3] convinces me that appeals of this nature should go to the lower court. Section 508 of the Act[4] specifies the powers and duties of the arbitration panel. Included therein is the power to "apply to the court of common pleas to enforce the attendance and testimony of witnesses and the production and examination of books, papers and records." While these are matters preliminary to the final determination of the arbitration panel, as opposed to

---

[1] Act of July 31, 1970, P.L. 673, *as amended*, 17 P.S. §211.501(b).

[2] Sections 402 and 403 of the Appellate Court Jurisdiction Act of 1970, 17 P.S. §§211.402 and 211.403.

[3] Act of October 15, 1975, P.L. 390, *as amended*, 40 P.S. §1301.101 et seq.

[4] 40 P.S. §1301.508.

the preliminary matters upon which the Arbitrator would rule, this is a distinction without a difference.[5] At the very least, it is indicative of the legislature's intent that the court of common pleas involve itself in some aspects of these cases, prior to receiving them on appeal *de novo*. Since the legislature has recognized the role and expertise of the common pleas court in *some* preliminary matters, I see no reason why *all* such pre-hearing matters should not be initially passed upon by that court. To determine otherwise produces an anomalous duplication of judicial resources. At a time when we are searching for ways to expedite disposition of appeals, I do not see how today's decision will serve that purpose.

Judge ROGERS joins in this dissent.

---

[5] Section 307 of the Act, 40 P.S. §1301.307, authorizes the Administrator to rule on all preliminary motions. Under the majority's holding, if a motion to produce were filed in advance of the hearing, and then ruled upon by the Administrator, the appeal from his ruling would come to our Court, while the action of the panel on such a motion would be reviewed by the court of common pleas.