# Nicholson v. Commonwealth National Bank

Plaintiff filed a complaint against Commonwealth National Bank, the executor of the estate of John L. Polcyn, M.D. In essence, the complaint avers that Dr. Polcyn obtained certain confidential information from the plaintiff during a physician-patient relationship and disclosed such information to a third party. Plaintiff complains that the disclosures constituted an invasion of his privacy. Defendant filed preliminary objections to plaintiff's complaint, in the nature of a demurrer, asserting that plaintiff's invasion of privacy action does not result from medical services which were or should have been provided. Thus, defendant requests that the complaint be dismissed as not within the jurisdiction of the arbitration panels as conferred by the Health Care Services Malpractice Act of October 15, 1975, P.L. 390, as amended, 40 P.S. §1301.101 et seq., hereinafter referred to as the act.

Plaintiff, in his answer to preliminary objections, contends that the Arbitration Panels for Health Care have exclusive jurisdiction over any claim resulting from medical services which were provided. Plaintiff alleges that since the information disclosed was obtained as a result of the providing of medical services, the arbitration panels have jurisdiction over the instant claim.

The legislature conferred upon the arbitration panels "original exclusive jurisdiction to hear and decide any claim brought by a patient or his representative for loss or damages resulting from the furnishing of medical services which were or which should have been provided." Act §309, 40 P.S. §1301.309. To determine whether the arbitration panels have jurisdiction here, the threshold question to be answered is whether plaintiff's injuries were caused by the *furnishing* of medical services by defendant's deceased. We must answer this question in the negative. Even if the confidential information was disclosed wrongfully, such disclosure was not a part of the furnishing of medical services.

The act does not support plaintiffs broad interpretation of the act nor plaintiff's claim that the act confers jurisdiction upon the arbitration panels over "*any* and *all* types of claims for injury resulting from *any* types of tortious conduct by a health care provided [sic] relating to [the provider's] professional conduct and obligations." Plaintiff's memorandum in support of answers to preliminary objections. (Emphasis added.) Instead, the arbitration panels' jurisdiction is limited to those claims resulting from the furnishing of or failing to furnish medical services. Conduct which merely follows the delivery of medical services cannot be consid-

ered to give rise to a cause of action within the narrow coverage of the act mandated by the legislature.

Additionally, plaintiff argues that the wrongful unauthorized disclosure of confidential information is a tort "complainable in a malpractice action" on the basis of dictum in Alexander v. Knight, 25 D. & C. 2d 649 (Phila. 1961), affirmed per curiam, 197 Pa. Superior Ct. 79, 177 A. 2d 142 (1962). Plaintiff also cites language in the explanatory notes preceding Pa.R.C.P. 1801, to the effect that "malpractice actions may no longer be commenced directly in the courts of common pleas." Thus, plaintiff concludes that suit must be brought before the arbitration panels. This argument, however, is not consistent with the narrow jurisdictional grant of the legislature and is therefore rejected.

In the alternative, plaintiff requests that if the demurrer is sustained, the action be transferred to the Court of Common Pleas of Lancaster County. The Commonwealth Court, in Chul Kim v. Heinzenroether Estate, 37 Pa. Commonwealth Ct. 328, 390 A. 2d 874 (1978), held that the administrator may transfer a matter to the appropriate forum upon a determination that jurisdiction was lacking. See Pa.R.C.P. 213(f) and section 5103(a) of the Judicial Code, 42 Pa.C.S.A. §5103(a). Because we find that jurisdiction is lacking in the present case, the action will therefore be transferred to the Court of Common Pleas of Lancaster County, the court in the county where the cause of action arose. Therefore, we enter the following

## ORDER

And now, November 1, 1978, in consideration of defendant Commonwealth National Bank's pre-

liminary objections to plaintiff's complaint, plaintiff's answer to preliminary objections and memorandum in support thereof, we hereby order and decree that defendant's preliminary objections be sustained and that the entire record together with a certified copy of the docket entries in this action be transferred to the prothonotary of the Court of Common Pleas of Lancaster County.