## Lewis v. The Graduate Hospital of the University of Pennsylvania

Plaintiff, Connie Lewis, administratrix, has filed a motion for summary judgment and/or for judgment on the pleadings, seeking dismissal of the complaint of the original defendants against additional defendant, Alan Lewis. Defendants' answer and plaintiff's response raised the issue as to whether plaintiff is a proper party to allege that the Arbitration Panels for Health Care lack jurisdiction over the additional defendant Alan Lewis.

Pa.R.C.P. No. 1032(2) provides "that whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter . . ., the court shall dismiss the action." Because a court can raise the matter sua sponte, 2 Goodrich-Amram 2d §1032:7 (1976), it is unnecessary to decide whether plaintiff is a proper party to raise the issue.

Defendants' complaint, in seeking to join additional defendant Lewis, avers that the death of plaintiff's decedent was due to stab wounds inflicted by the additional defendant. Therefore, the principle announced in the decision of the administrator in Redinger v. Gillette, No. M76-0001, opinion dated November 22, 1976, affirmed by Gillette v. Redinger, 34 Pa. Commonwealth Ct. 469, 383 A. 2d 1295 (1978), is applicable to resolve the question of whether the additional defendant may be joined in this case.

In Gillette, decedent had been struck on the head with a snowball thrown by his brother. Decedent was taken to a health center where he died the following day. The parents of decedent brought a suit against the health center and the physicians who examined decedent. One of the defendant physicians filed a complaint to join the brother who threw the snowball as an additional defendant. Section 502 of the Health Care Services Malpractice Act of October 15, 1975, P.L. 390, as amended, 40 P.S. §1301.502, provides that "a party may join any additional party who may be necessary and proper to a just determination of the claim. The arbitration panel shall have jurisdiction over the additional parties whether they be health care providers or nonhealth care providers." The court in Gillette affirmed the administrator's decision to dismiss defendant's complaint against the additional defendant because ". . . it is clear that the joinder of Kirk Redinger is not necessary to determine whether one or more of the defendants was guilty of medical malpractice." 34 Pa. Commonwealth Ct. at 475, 383 A. 2d at 1298.

As in Gillette, the joinder of the additional defendant in the present case is not necessary to determine the claim of medical malpractice against defendants. Therefore, the Arbitration Panels for Health Care have no jurisdiction over the subject matter in the cause of action set forth in defendants' complaint against the additional defendant.

In their memorandum of law, defendants request, in effect, that the administrator overrule the Commonwealth Court's decision in Gillette. We are not so inclined, and even if we were, we are bound by the decision of the Commonwealth Court, since appeals from the administrator's rulings are taken

to the Commonwealth Court. See Knight v. Annon, 38 Pa. Commonwealth Ct. 1, 391 A. 2d 1101. Therefore we enter the following

### ORDER

And now, November 15, 1978, upon consideration of plaintiff's motion for summary judgment and/or judgment on the pleadings, defendants' answer and memoranda in support thereof, it is hereby ordered and decreed that defendants' complaint against the additional defendant, Alan Lewis, is dismissed for lack of jurisdiction of the subject matter.