## Albright v. Winokur

8

*Anne M. Dixon*, for plaintiff.
*Stephen T. Saltz*, for defendant city.
*Adrian R. King*, for defendant Winokur.

GUARINO, *J.*, December 8, 1978—This action is for recovery for wrongful death under the Wrongful Death Act of April 26, 1851, P.L. 669, 12 P.S. §1601 et seq., and under the Decedents, Estates and Fiduciaries Code of June 30, 1972, P.L. 508, 20 Pa.C.S.A. §3371. The action was commenced by summons on January 23, 1978, naming the City of Philadelphia and one Dr. Meyer B. Winokur as defendants. After being ruled to do so, plaintiff filed her complaint on August 2, 1978. In it, she alleges (1) that on January 1, 1977, a city policeman allegedly arrested and beat plaintiff's decedent causing injuries; (2) that on January 28, 1977, treating plaintiff's decedent for his injuries, doctor-defendant wrongfully administered medicines to him; and (3) that their combined wrongful conduct caused the death of plaintiff's decedent on January 30, 1977. In due course, on August 15, 1978, by answer and new matter, city-defendant joined co-defendant-doctor as additional defendant.

The issue before us is framed by defendant-doctor's preliminary objection to both plaintiff's complaint and defendant-city's complaint joining

him as additional defendant on grounds of jurisdiction and by plaintiff's petition to transfer the case to the administrator for arbitration panels for health care.

As indicated by their respective legal briefs and in their oral arguments, the parties are agreed that this is a malpractice case which, since January 13, 1976, was made subject to compulsory arbitration by the Health Care Services Malpractice Act of October 15, 1975, P.L. 390, 40 P.S. §1301.101. Thus, the sole question is whether the matter shall be dismissed as urged by defendants or transferred to the administrator for arbitration panels for health care as urged by plaintiff.[1]

While the parties have not mentioned it, it is clear to us that the dismissal of this action for want of jurisdiction will deprive plaintiff of her right under the Wrongful Death Act. The Health Care Services Malpractice Act provides that all claims for recovery in malpractice cases must be commenced within the applicable statute of limitations: 40 P.S. §1301.605. Under the act, an action in wrongful death for benefit of plaintiff in his own right must be brought within one year from date of death: Act of April 26, 1855, P.L. 309, sec. 2, 12 P.S. §1603. Death of plaintiff's decedent in the instant case

---

1. This is not the first time that this very same issue has been presented to the court. On the two prior occasions when it was presented, the court made contradictory opinionless rulings. In Oliver v. Albert Einstein Medical Center [Phila. C. P. August, 1977, No. 726], the court dismissed the action refusing to transfer the case to the adminstrator for arbitration panels for health care. In Lolita v. Thomas Jefferson University Hospital, [Phila. C. P. February 1977, No. 890], the court transferred the case.

occurred more than one year ago, January 30, 1977.

"[T]he operative rule in this Commonwealth permits liberal transfer by a court . . . lacking subject-matter jurisdiction, to the appropriate court or tribunal. . . ." Kim v. Heinzenroether Estate, 37 Pa. Commonwealth Ct. 328, 390 A. 2d 874 (1978). A matter erroneously filed in the wrong court is transferrable by the latter court to the proper forum and treated as having been filed in that forum as of the date of the original filing: Judicial Code of July 9, 1976, P.L. 586, as amended, 42 Pa.C.S.A. §5103(a). Subsection (f) of Pa.R.C.P. 213 provides for transfer rather than dismissal when the court in which the action is filed has no jurisdiction over the subject matter where there is another court of appropriate jurisdiction. Specifically, subsection (f) provides:

"When an action is commenced in a court which has no jurisdiction over the subject matter of the action it shall not be dismissed if there is another court of appropriate jurisdiction within the Commonwealth in which the action could originally have been brought but the court shall transfer the action at the cost of the plaintiff to the court of appropriate jurisdiction. It shall be the duty of the prothonotary or clerk of the court in which the action is commenced to transfer the record together with the certified copy of the docket entries to the prothonotary or clerk of the court to which the action is transferred."

The language of the rule is clear and mandatory; "the court shall transfer" the case to the "court of appropriate jurisdiction." "Shall," when used in the law, expresses what is imperative and mandatory: Black's Law Dictionary (4th ed. rev.); Amal-

gamated Transit Union, Div. 85 v. Port Authority of Allegheny County, 417 Pa. 299, 303, 304, 208 A. 2d 271 (1965).

Thus, there remains only to determine whether the arbitration panel created by the Health Care Service Malpractice Act is a court.

Generally, a court is an organ of government, belonging to the judicial department, whose function is to hear and decide controversies by the application of rules of law. It is assembled by authority of the law for the administration of justice: Carter's Estate, 254 Pa. 518, 99 Atl. 58 (1916). In the performance of the function it consists of a judex—one or more judges, or a judge and jury, a claimant—the injured party, a putative wrongdoer and their attorneys, and clerks and court officers who assist it in its function.

Malpractice cases have long been recognized as justiciable controversies, which prior to January 13, 1976, were heard and determined in the common pleas court, courts of general original jurisdiction in Pennsylvania. When in its wisdom the legislature removed these cases from the common pleas court, it did not deprive these cases of their justiciable attributes.

There can be little doubt that under the Pennsylvania Constitution the General Assembly has the power to establish additional tribunals or courts, Art. 5, §8, determine the jurisdiction, Art. 5, §10(c), and reduce the jurisdiction of existing courts.[2] In

---

2. However, it is to be noted that acts of assembly or provisions thereof, when in decreasing the jurisdiction of a court of record, are to be strictly construed: Statutory Construction Act of November 25, 1970, P.L. 707, as amended, 1 Pa.C.S.A. §1921.

enacting the Health Care Service Malpractice Act the legislature exercised its legitimate power and did set up just such an additional "court" with special jurisdiction over malpractice cases and thereby reduced the jurisdiction of the common pleas courts. Under the act, an adjudicatory system is set up for hearing and deciding cases,[3] which up to that time had been tried in a court. In every respect the system set up under the act performs as a court. There is a panel of arbitrators, the judex, with power to hear and decide[4] claims against wrongdoers,[5] which include physicians[6] and non-health providers who are sued with them.[7] Rules governing the pleadings and the conduct of the trial as well as rules governing appeals have been adopted as in any court system.[8] In Kim v. Heinzenroether Estate, supra, the Commonwealth Court clearly recognized that an arbitration panel of the Health Care Service Malpractice Act was a court. In that case, the issue was whether the administrator had the power to transfer a malpractice action which arose prior to the effective date of the Health Care Service Malpractice Act to the common pleas court. In doing so, it described the transfer as being from one court to another, stating:

3. 40 P.S. §1301.102.

4. 40 P.S. §1301.309, 1301.102.

5. Ibid.

6. 40 P.S. §1301.301.

7. 40 P.S. §1301.309.

8. 40 P.S. §1301.509. See also appeal of orders of the arbitrators to Commonwealth Court: Knight v. Annon, No. 14, Misc. Dkt., No. 2, filed September 22, 1978.

"[T]he operative rule in this Commonwealth permits liberal transfer by a court, or *other tribunal* lacking subject-matter jurisdiction, to the appropriate court or tribunal, and that this rule adheres regardless of the particular circumstances wherein a jurisdictional statute postdates the cause of action." Id. at 332. (Emphasis in original.)

We conclude therefore that there is another court of appropriate jurisdiction within the Commonwealth in which this malpractice case could originally have been brought, and to which we are compelled to transfer this case.

Accordingly, we enter the following

## ORDER

And now, December 8, 1978, the preliminary objections are denied; petition to transfer case to administrator for arbitration panel for health care is granted. The prothonotary is directed to transfer all the pleadings and other papers filed by all the parties to the administrator for arbitration panel for health care forthwith.