## Feldbauer v. Williamsport Hospital

By order dated December 26, 1978, we raised sua sponte the issue of our jurisdiction over the above-captioned action. Plaintiff and the defendant-hospital have taken the position that the matter should be transferred to Lycoming County Court of Common Pleas. Defendant-doctor opposes the transfer and has filed a supporting brief.

Plaintiff's decedent was admitted to defendant-hospital on November 9, 1975, suffering from non-communicating hydrocephalus. On November 19, 1975, defendant-doctor surgically implanted a ventriculoperitonial shunt to alleviate intra-cranial fluid pressure. Complications developed and on December 15, 1975, defendant-doctor removed the first shunt and implanted a new one. Decedent was discharged from the hospital on January 24, 1976. Subsequently, decedent was twice readmitted for

treatment and observation in connection with the prior surgery. On September 17, 1976, decedent expired in Warren State Hospital after having been committed by order of court. On September 14, 1977, plaintiff filed a complaint in trespass against the instant defendants and others no longer party to the action, alleging various acts of medical malpractice.

Paragraph 12 of plaintiff's complaint alleges, inter alia, that defendants failed to properly treat decedent during her various stays in the hospital and failed to properly advise decedent and her family concerning proper operation of the shunt. Plaintiff and defendant-hospital argue that these acts were of a continuing nature and commenced prior to January 13, 1976, the effective date of the Health Care Services Malpractice Act of October 15, 1975, P.L. 390, as amended, 40 P.S. §1301.101 et seq. Defendant-doctor maintains that (1) the pain and suffering alleged occurred subsequent to January 13, 1976, and (2) the complaint lacks the specificity required to determine when the negligent acts occurred.

Section 1003 of the act provides as follows:

"§1001. Inapplicability to prior services

"The provisions of this act do not apply to injuries or death from *services rendered or which should have been rendered* by a health care provider which occurred before the effective date of this act." (Emphasis added.) 40 P.S. §1301.1003.

Because it is the date of the acts alleged and *not* the time pain and suffering was incurred which determines our jurisdiction, defendant-doctor's first argument is without merit. As to the specificity

of the complaint, we are of the opinion that is is implicit in the allegations made that the alleged acts of negligence stem primarily from medical services rendered and operations performed in November and December 1975. Consequently, we have no jurisdiction over the claims connected with these medical services. The issue which remains, then, is whether the claims arising subsequent to January 13, 1976, should be severed or transferred to the court of common pleas with the remainder of the case.

We have determined, in accordance with the purpose expressed in section 102 of the act to provide plaintiff with a prompt determination of her claim, and in order to promote economy of action, that where significant acts of negligence are alleged to have occurred both prior to and following the effective date, the entire action shall be transferred to the court of common pleas of the county in which the cause of action could have been instituted, unless the acts occurring subsequent to the effective date are wholly independent of the earlier acts.

In the instant case, the acts occurring subsequent to January 13, 1976, were so intertwined and interconnected with the surgery performed and treatment given prior to that date as to make severance of the matter impractical and uneconomical. Accordingly, we enter the following

## ORDER

And now, March 2, 1979, having considered the question raised on our own motion concerning the jurisdiction of the Arbitration Panels for Health Care in this case, it is hereby ordered and decreed that the prothonotary shall transfer the record in

this action to the Court of Common Pleas of Lycoming County. See Pa.R.C.P. 213(f) and Chul Kim, M.D. v. Heinzenroether Estate, 37 Pa. Commonwealth Ct. 328, 390 A. 2d 874 (1978).