**Smith v. Linn**

Plaintiff initiated the instant action by filing a complaint against defendant Robert Linn, D.O. and Lyle-Stuart, Inc. [hereinafter referred to as Linn and Lyle-Stuart respectively] and several other defendants. The claims center upon a book authored by Linn entitled "The Last Chance Diet—When Everything Else Has Failed." In the book, Linn advocated a weight loss program that centered upon the use of pre-digested liquid protein. Lyle-Stuart published Linn's book.

Plaintiff alleges that decedent was encouraged to use the diet by her physician, defendant Rosenfeld. Several months after decedent embarked upon the diet, she died of medical complications which plaintiff alleges were caused by the diet and the pre-digested liquid protein.

On October 11, 1978, Linn filed preliminary objections raising the issue of the arbitration panel's subject matter jurisdiction over the claims asserted against him. We noted that the same jurisdictional questions also related to the claims against Lyle-Stuart. Thus, by letter dated November 9, 1978, we requested that the parties address the jurisdictional issues.

Section 309 of the Health Care Services Malpractice Act of October 15, 1975, P.L. 390, as amended, 40 P.S. §1301.309, hereinafter referred to as the act, provides, in part, that "[t]he arbitration panel shall have original exclusive jurisdiction to hear and decide any claim brought by *a patient or his representative* for loss or damages resulting from *the furnishing of medical services* which were or which should have been provided." (Emphasis added.) Linn argues that the decedent was never his patient.

"Normally the physician-patient relationship is consensual: it results from the patient's direct employment of the physician, and the latter's consent to act." 1 Louisell and Williams, Medical Malpractice, §8.02 (1977). The abnormal situations noted by Louisell and Williams have one common aspect—each involves some type of personal contact between the physician and patient. In the instant case, there was no personal relationship between decedent and Linn. Additionally, we are unable to discover any legal authority that would identify decedent as a patient of Linn. The relationship between decedent and Linn was entirely impersonal; decedent was merely one of thousands who was following the advice of an author who happened to be a physician.

In addition, we do not believe that Linn provided decedent with medical services within the meaning of the act. The rendering of medical services implies a relationship between the one who renders the service and the one who receives the benefit of the service. The relationship between an author and an unknown reader is simply not sufficient to fulfill the statutory requirement that medical services be rendered.

Nor is Linn a nonhealth care provider within the meaning of the act. The Commonwealth Court, in Gillette v. Redinger, 34 Pa. Commonwealth Ct. 469, 383 A. 2d 1295 (1978), held that the term nonhealth care provider was intended to cover only those parties who, like drug or instrument manufacturers, were kindred to health care providers. The author of a diet book available to the general public is not kindred to a health care provider; indeed, an individual could utilize the diet without consulting a physician. We do not believe that the legislature intended to confer upon the arbitration panels subject matter jurisdiction over the claims against Linn simply because plaintiff alleges that decedent consulted a physician. In addition, we do not believe that the arbitration panel has jurisdiction merely because the author of the book is himself a physician; Linn's critical status is that of an author. Therefore, we do not have subject matter jurisdiction over the claims against Linn.

The remaining issue is whether the arbitration panel has jurisdiction over Lyle-Stuart. It is self-evident that Lyle-Stuart, a book publisher, is not a health care provider. Therefore, the arbitration panel can only exercise subject matter jurisdiction over the claims against Lyle-Stuart if Lyle-Stuart is a nonhealth care provider within the meaning of the act.

As stated above, the Commonwealth Court narrowly defined the panel's jurisdiction over nonhealth care providers. The arbitration panel will have jurisdiction over those who, like drug or instrument manufacturers, are kindred to health care providers: Gillette v. Redinger, supra. We do not believe that a book publisher is kindred to defendant Rosenfeld, the health care provider in this case.

Lyle-Stuart, in its brief, notes that there are no cases holding book publishers liable for negligence. While this proposition does not, in itself, defeat jurisdiction, it illustrates a difficult problem. The legislature intended the arbitration panels to adjudicate claims of medical malpractice, Gillette v. Redinger, supra; it did not envision that the panels would decide complex constitutional problems.

Finally, we note that the Court of Common Pleas of Montgomery County sustained the objections of Lyle-Stuart in an identical case before it. For the reasons stated in this opinion, we believe that the court was in error when it stated that plaintiff must seek his remedy against Lyle-Stuart before the arbitration panel. The panel cannot confer a remedy when it has no subject matter jurisdiction over the claim.

Therefore, in accordance with this opinion, we will transfer the claims against defendants Robert Linn, D.O. and Lyle-Stuart, Inc. to the Court of Common Pleas of Montgomery County pursuant to Pa.R.C.P. 213(f) and Chul Kim v. Estate of Heinzenroether, 37 Pa. Commonwealth Ct. 328, 390 A. 2d 874 (1978).

## ORDER

And now, April 11, 1979, upon consideration of the preliminary objections of defendants Robert Linn, D.O. and memoranda in support of and in opposition thereto, it is hereby ordered and decreed that the objections be sustained and the claims against Robert Linn, D.O. and Lyle-Stuart, Inc. will be transferred to the prothonotary of the Court of Common Pleas of Montgomery County.