## Pope v. Reams

Plaintiffs commenced this action before the arbitration panels by complaint filed August 11, 1978. On May 11, 1979, plaintiffs filed an application for transfer requesting the administrator to transfer to the arbitration panels a companion medical malpractice action filed in Federal court: Pope v. Richards Manufacturing Company, et al., Civil Action No. 78-789 (U.S.D.C.M.D.Pa.). We received the motion of additional defendant Richards Manufacturing Company, Inc. to dismiss plaintiffs' application for transfer on May 16, 1979.

The record in support of plaintiffs' application was exceptionally sparse. Attached to the application was the complaint filed in the action in Federal court and a copy of an order by United States District Judge R. Dixon Herman dismissing the companion Federal action because of lack of complete diversity of citizenship. There was no finding by Judge Herman that the action in Federal court belonged before the arbitration panels.

We denied the application for transfer in an order dated May 22, 1979. We interpreted 42 Pa.C.S.A. §5103(b) to require the directive ordering transfer of an action from a Federal court to issue from the Federal court. Also, plaintiffs' copy of Judge Herman's order was not certified as required by 42 Pa.C.S.A. §5103(b). Following the entry of our order of May 22, 1979, plaintiffs filed an application for transfer in United States District Court requesting the transfer of the action to the Arbitration Panels for Health Care pursuant to 42 Pa.C.S.A. §5103(b). Additional defendant Richards Manufacturing Company, Inc. opposed this application.

In a memorandum and order dated June 26, 1979, Judge Herman denied plaintiffs' application for transfer. Judge Herman determined that "there is apparently no Federal statute or procedural rule providing for the transfer of Federal actions to state court, except for a remand of a case improvidently removed to the United States District Court from state court." Thus, Judge Herman ruled that he was without Federal authority to transfer the action to a state tribunal. Judge Herman did not believe, however, that plaintiff was without remedy and interpreted 42 Pa.C.S.A. §5103(b) to allow a transfer upon the moving party's filing of a certified transcript of the final judgment and related pleadings in a state tribunal regardless of the absence of an order to transfer from the United States District Court. Judge Herman noted that the transfer would be "subject to possible objection from the other party."

Following Judge Herman's denial of the application for transfer filed in Federal court, plaintiff filed with us an application for statement in accordance with section 501(b), Appellate Court Jurisdiction Act of July 31, 1970, P.L. 673, 17 P.S. §211.501, in an attempt to begin the appeal from the administrator's prior order. The motion of additional defendant Richards Manufacturing Company, Inc. to dismiss plaintiffs' application for statement in accordance with section 501(b), A.C.J.A., 17 P.S. §211.501(b) was filed on July 10, 1979. Section 501(b), A.C.J.A., 17 P.S. §211.501(b) was repealed over a year ago, and 42 Pa.C.S. §702(b) now controls the area.

However, we shall treat the application for statement as a petition for reconsideration of our order of May 22, 1979, Pa.R.C.P. 126.

In our order of May 22, 1979, we denied plaintiffs' application for transfer because of a reluctance to find that a state tribunal could wrest an action from a Federal court and we determined that 42 Pa.C.S.A. §5103(b) required an order to transfer from the Federal court in order to effect the transfer. In view of Judge Herman's memorandum interpreting the Federal law in this matter and upon consideration of the intent behind 42 Pa.C.S.A. §5103(b) to preserve causes of action erroneously filed in Federal courts, we have reconsidered our prior order. We shall concur with Judge Herman and accept plaintiffs' future application for transfer upon filing with the arbitration panels of a certified transcript of the final judgment of the United States Court, related pleadings and our filing fee. See 37 Pa. Code §171.111.

42 Pa.C.S.A. §5103 is designed to preserve a litigant's cause of action by treating the erroneously filed matters as having been filed in the transferee forum on the original filing date: Kim v. Estate of Heinzenroether, 37 Pa. Commonwealth Ct. 328, 390 A. 2d 874 (1978). The law favors liberal transfer of cases that have been improperly filed: Commonwealth v. Carter, 36 Pa. Commonwealth Ct. 569, 389 A. 2d 241, 242, n. 1 (1978). In view of Judge Herman's finding that Federal law contains no provision for such a transfer, 42 Pa.C.S.A. §5103(b) would be an impotent provision if we were to continue to require an order of transfer from the Federal court. A statutory presumption exists "[t]hat the General Assembly does not intend a result that is absurd, impossible of execution or unreasonable." 1 Pa.C.S.A. §1922(1). Therefore, we shall interpret 42 Pa.C.S.A. §5103(b) in the manner recommended by Judge Herman.

We do not find that the other parties will be prejudiced by this order. Plaintiffs timely filed in the United States District Court and promptly explored their avenues of appeal, including the attempt to invoke the transfer process provided for by statute. It also appears the action begun before us was timely filed.

We are allowing plaintiffs to transfer their action upon filing of a proper application for transfer pursuant to 42 Pa.C.S.A. §5103(b), and the payment of our filing fee. The transferred action shall be treated and docketed as a separate action. Plaintiffs may thereafter petition for consolidation of the action transferred from Federal court with this action, Pope v. Reams.

## ORDER

And now, August 7, 1979, upon consideration of the above opinion, it is hereby ordered and decreed that plaintiffs may transfer their action in Pope v. Richards Manufacturing Company, Inc., et al., Civil Action No. 78-789, from the United States District Court for the Middle District of Pennsylvania to the Arbitration Panels for Health Care upon filing an application for transfer with a certified transcript of the final judgment of the Federal court and related pleadings in accordance with 42 Pa.C.S.A. §5103(b) and the payment of our filing fee. This order involves a controlling question of law as to which there is substantial ground for difference of opinion and an immediate appeal of the order may materially advance the ultimate termination of the matter.