Irvin Berman and Selma Berman, his wife *v.* Dr. N. Henry Moss, Dr. Frederick Urbach and Dr. Marvin S. Greenberg. Marvin S. Greenberg, M.D., Petitioner.

Argued June 7, 1979, before Judges BLATT, DI-SALLE and CRAIG, sitting as a panel of three.

*James Lewis Griffith,* with him *Jane B. Porcelan,* and *Obermayer, Rebmann, Maxwell & Hippel,* for petitioner.

*Myron H. Deutsch,* with him *Dale G. Larrimore,* for respondents.

OPINION BY JUDGE CRAIG, October 9, 1979:

Plaintiffs in the underlying suit initiated proceedings under the Health Care Services Malpractice Act (Act),[1] on November 11, 1977 by filing a notice complaint with the administrator for Arbitration Panels for Health Care (Administrator), alleging negligent medical treatment by the defendants. Plaintiffs also commenced a second suit on November 18, 1977, in Philadelphia Court of Common Pleas on the same cause of action.

Because the alleged medical malpractice occurred before January 13, 1976, the effective date of the Act, the Administrator, on Dr. Greenberg's preliminary objections, ordered the case transferred to the court of Common pleas, and we now have an appeal by a defendant from that transfer order.

Most of the arguments presented here have been resolved by our decision in *Kim v. Estate of Heinzenroether,* 37 Pa. Commonwealth Ct. 328, 390 A.2d 874

---

[1] Act of October 15, 1975, P.L. 390, *as amended,* 40 P.S. §1301.101 et seq.

(1978). We held that the Administrator has the power to transfer a proceeding from arbitration to the appropriate court of common pleas in a case where the arbitration panel would not have had subject-matter jurisdiction over the cause of action because it accrued before January 13, 1976, the effective date of the Act. We found the Administrator's authority in Pa. R.C.P. No. 213(f).[2]

The only newly-claimed basis for challenging the Administrator's transfer in this case is appellant's argument that the Administrator violated the "spirit" of Pa. R.C.P. No. 126 because the transfer prejudices a defense based on the statute of limitations.

Appellant-defendant asserts that the date of the malpractice was November 10, 1975, arguably 2 years and *one* day before the commencement of the transferred proceedings, but two years and *eight* days before the commencement of the action in common pleas court. Appellee-plaintiffs counter that the date the statute began to run is at least as late as November 19, 1975, and that they would be prejudiced if we reversed the Administrator's order.

We think that the very existence of such a dispute indicates how we should decide. Because R.C.P. 126 requires liberal construction of the rules of civil procedure and provides that errors or defects of procedure which do not affect the substantial rights of the parties may be disregarded, we should avoid an indirect determination of the whole case by a procedural reversal in this situation.

Moreover, we do not violate the spirit of R.C.P. 126 in this case by adhering to the spirit of Pa. R.C.P.

---

[2] The rules of civil procedure govern proceedings before the Administrator under Section 307 of the Act, 40 P.S. §1301.307, who is statutorily authorized to rule on all preliminary motions by Section 307(c) of the Act, 40 P.S. §1301.307(c).

No. 213(f), which provides that "[w]hen an action is commenced in a court which has no jurisdiction over the subject matter of the action it *shall* not be dismissed if there is another court of appropriate jurisdiction within the Commonwealth in which the action could originally have been brought but the court *shall* transfer the action. . . ." (Emphasis added.) By close analogy, R.C.P. 213(f) supports the Administrator's action.

We affirm the transfer.

ORDER

AND Now, this 9th day of October, 1979, the order of January 20, 1978, of the Administrator for Arbitration Panels for Health Care, transferring this case to the Court of Common Pleas of Philadelphia County, is hereby affirmed.