**Firich v. The American Cystoscope Makers, Inc.**

*William S. Schweers, Jr.,* for plaintiff.

*Thomas J. Reinstadtler* and *R. L. McMillan,* for defendants.

*David H. Trushel* and *George M. Weis,* for additional defendants.

FRANKSTON, *Administrator,* March 31, 1980 —On January 24, 1980 we received documents transmitted by plaintiff from the Federal court pursuant to 42 Pa.C.S.A. §5103(b). The documents included the pleadings filed in Federal court and an opinion and order of Judge Cohill dismissing the action on the grounds that the action properly belonged before the Arbitration Panels for Health Care: Firich v. The American Cystoscope Makers, Inc., 482 F. Supp. 1043 (W.D. Pa. 1980). Accompanying the documents from Federal court was a petition for transfer filed by plaintiff on January 24, 1980. Defendants and additional defendants subsequently filed opposition to the transfer. Although 42 Pa.C.S.A. §5103(b) does not require the filing of a petition for transfer, we will now consider the objections to the transfer which have been raised. On February 14, 1980, we directed the parties to file briefs on the propriety of the transfer.

The pertinent portions of 42 Pa.C.S.A. §5103 provide:

"(a) General rule.—If an appeal or other matter is taken to or brought in a court·or magisterial district which does not have jurisdiction of the appeal or other matter, the court or district justice shall not quash such appeal or dismiss the matter, but shall transfer the record thereof to the proper court or

magisterial district of this Commonwealth, where the appeal or other matter shall be treated as if originally filed in the transferee court or magisterial district on the date first filed in a court or magisterial district.

"(b) Federal cases.—Subsection (a) shall also apply to any matter transferred or remanded by any United States court for a district embracing any part of this Commonwealth. Except as otherwise prescribed by general rules, or by order of the United States court, such transfer may be effected by filing a certified transcript of the final judgment of the United States court and the related pleadings in a court or magisterial district of this Commonwealth. The pleadings shall have the same effect as under the practice in the United States court, but the transferee court or district justice may require that they be amended to conform to the practice in this Commonwealth. Section 5535(a)(2)(i) (relating to termination of prior matter) shall not be applicable to a matter transferred under this subsection."

Three main objections to the transfer have been raised: (1) 42 Pa.C.S.A. §5103(b) does not authorize transfer of an action from the Federal court to the Arbitration Panels for Health Care unless the transfer is ordered by the Federal court, (2) the statute of limitations ran prior to the transfer, and (3) the appeal of Judge Cohill's opinion and order is pending before the Third Circuit Court of Appeals, and therefore, there is no "final judgment of the United States court" as required by 42 Pa.C.S.A. §5103(b).

We have already determined in a prior decision that transfer under 42 Pa.C.S.A. §5103(b) may be effected without the Federal court ordering the

transfer: Pope v. Reams, 12 D. & C. 3d 730 (1979). See also Pope v. Richards Manufacturing Company, Inc., Civil Action No. 78-789 (M.D. Pa. June 26, 1979) (Judge Herman). Therefore, we shall dismiss the first objection to the transfer.

Second, the objection to the transfer on the ground of expiration of the statute of limitations is dismissed. The expiration of the statute of limitations should be properly raised in new matter, not at this stage: Pa.R.C.P. 1030. We note, however, that 42 Pa.C.S.A. §5103(a) specifically provides for the tolling of the statute of limitations.

Third, we must turn to the issue whether there has been a final judgment entered in the Federal action. We note that an order of the district court dismissing an action for lack of jurisdiction is final for purposes of appeal. See 9 Moore's Federal Practice, ¶110.08[1].

However, we find that a transfer from Federal court under 42 Pa.C.S.A. §5103(b) would not be proper until pending appeals of Judge Cohill's decision are exhausted. To permit otherwise could result in a claim filed before the Arbitration Panels for Health Care based on a decision by the district court which is later reversed. Defendants American Cystoscope Makers, American Hospital Supply and Mueller admit in their brief that the appeal to the Third Circuit has raised an issue which may be meritorious. (See also Bost v. Pilling Company, 14 D. & C. 3d 422 (1980), which is contra to Judge Cohill's decision.)

If the Third Circuit reverses Judge Cohill's decision and permits the claim to proceed in Federal court and if we permit the transfer, the claim might proceed in two tribunals based on inconsistent interpretations of our jurisdiction. Further, if we were to accept the transfer at this time, we would

raise the issue of our jurisdiction based upon our decision in Bost. A finding that we had no jurisdiction would require us to transfer the claim to an appropriate court. See Kim v. Estate of Heinzenroether, 37 Pa. Commonwealth Ct. 328, 390 A. 2d 874 (1978), followed in Berman v. Moss, 46 Pa. Commonwealth Ct. 364, 406 A. 2d 358 (1979). Therefore, we dismiss this action without prejudice.

We find that as a consequence of our interpretation of 42 Pa.C.S.A. §5103(b), plaintiff will be permitted to effect a transfer if Judge Cohill's decision is upheld and the appellate process concluded. Pending that final determination, defendants and additional defendants will not be burdened with identical claims proceeding simultaneously in two separate tribunals. See 1 Pa.C.S.A. §1921(c) which establishes standards to be applied in statutory construction.

Accordingly, we enter the following

ORDER

And now, March 31, 1980, upon consideration of the aforesaid opinion, it is hereby ordered and decreed that plaintiff's claims are dismissed without prejudice to his right to effect a transfer pursuant to 42 Pa.C.S.A. §5103(b) upon conclusion of the Federal appellate process affirming Judge Cohill's decision.